Church, Ch. J.
 

 The finding of fact by the referee that the- defendants did not purchase the tobacco in question of the plaintiffs, as alleged in the complaint, was not only fully justified by the evidence, but it is difficult to see how any other conclusion could have been arrived at. Although Hoyt had, on several occasions, purchased tobacco of the plaintiffs for the defendants, yet after the plaintiffs were expressly notified not to sell any more without a written order, the subsequent sale was unauthorized.
 

 Nor did the defendants receive the property, or have the benefit of it. They purchased cigars of Hoyt, and paid for them, as they had a right to do, without rendering themselves liable for the materials used by him in their manufacture, and it does not appear that defendants knew even where the tobacco came from. Besides there is uncontradicted evidence tending strongly to implicate the plaintiffs or some of them, in a conspiracy with Hoyt to purchase this tobacco, which was New York State leaf, manufacture it into cigars, and sell them to the defendants, as made from Connecticut tobacco, which was about double in value.
 

 The tobacco was charged to the defendants at the price of Connecticut tobacco for this purpose after the deceased member of the firm, if not the others, had been notified not to let Hoyt have any more tobacco without a written order, and this fraud was further developed by the manner in which Hoyt disposed of the tobacco for his own benefit after its arrival at Ithaca. A contrary finding would have been destitute of any legitimate evidence to sustain it.
 

 Nor was there any error committed on the trial. The question to one of the defendants, whether he had a conver
 
 *281
 
 sation with the deceased partner, Schnauber, in relation to selling Hoyt tobacco, was not obnoxious to the objection that it called
 
 “
 
 for a transaction or communication between defendant and a deceased person.” The fact of having a communication was not a transaction within the meaning of the Code, nor was it a communication. The referee sustained the objection to the question calling for the conversation, and allowed the witness to state only the fact that he had one. Although such a question is upon the threshold of forbidden ground, I do not think it violates the statute, unless, perhaps, in a case where the mere fact of a conversation is the material fact to be proved. The communication made was the important fact in this case, and the circumstance that
 
 a
 
 conversation was had, was immaterial, and no more important than would be the circumstance that the defendant had seen Schnauber on a certain day. Besides the plaintiffs could not have been injured by the answer. The notice to Schnauber was proved by one witness who was present and heard it, and by Hoyt himself when he purchased the goods, that Schnauber told him he had received the notice, and if there had been no evidence of the conversation itself, the result could not have been changed.
 

 The manner in which Hoyt carried on business, the fact that no freight bill was presented to the defendants, and other circumstances of that character, were pertinent upon the issue whether Hoyt purchased the tobacco for defendants or for himself, and upon the question, whether defendants actually had or received it, and were competent evidence. It is objected that the revocation of authority to Hoyt, and notice of the same to the plaintiffs should have been set up in the answer. This objection has no foundation. The complaint alleged a sale to defendants, which the answer denied. The complaint would have been sustained by proof of a sale to defendants by their agent, and the question of agency determined the issue.
 

 Such allegations would have been improper. Pleadings should contain facts, not evidence.
 

 
 *282
 
 There are no legal grounds for this appeal, and the judgment must be affirmed with costs.
 

 All concur.
 

 Judgment affirmed.