## JOSEPH F. HILL, RESPONDENT, v. JOHN HEERMANS, APPELLANT.

*Code, § 399 — what evidence inadmissible under — a fact, assumed to be true on the trial, cannot be disputed on appeal.*

This action was brought to recover two bonds alleged to have been deposited by the plaintiff for safe keeping (with indorsements in blank thereon) with the assignor of the defendant, since deceased. When produced on the trial the name of defendant's assignor was written in the blank. The plaintiff, who claimed that this was done without his authority, knowledge or consent, was allowed to testify upon the trial, against defendant's objection and exception, that he never transferred the bonds, and never saw them, after depositing them, until the trial. *Held,* that the evidence was inadmissible under section 399 of the Code.

The defendant alleged in his answer, and it was assumed upon the trial, that defendant claimed the bonds as assignee of the deceased. *Held,* that the admission of the plaintiff's evidence could not be sustained, on the ground that the fact that the defendant was such assignee had not been directly proved.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon a case and exceptions.

After the appeal was taken the original plaintiff died, and his executor was substituted in his place.

The action was brought to recover possession of two bonds issued by the town of Erie in the county of Chemung. The answer set up that at and prior to the 29th of June, 1871, the bonds were the property of Joseph Fellows, and that he had assigned them to the defendant. The bonds which were produced in evidence upon the trial had an indorsement thereon, viz. :

"HORSEHEADS, *August* 1, 1870.

" Utica, Horscheads and Elmira Railroad Company, pay to the order of *Joseph Fellows*, the within bond and the coupons attached, as they severally become due.

"D. D. REYNOLDS,

" *Treasurer Utica, Horseheads and Elmira Railroad Co.*"

The plaintiff's testator claimed title to the bonds through an alleged purchase from one Rodburn, the former owner of the

bonds, and alleged that the bonds when left by him in the safe of
Fellows had the same indorsement, except that the name "Joseph
Fellows" was not inserted therein. There was evidence upon the
trial, tending to show that the plaintiff's testator had been an agent
of Fellows, and that he had been superseded.

There was evidence to the effect that the name of "Joseph
Fellows" was in the handwriting of Fellows, who was dead, and
who, prior to his death, had made an assignment in trust of his
property to the defendant Heermans.

*A. Hadden*, for the appellant. The evidence of the plaintiff as
to the transactions between himself and Fellows was properly
objected to and improperly admitted. (*Berry, Admr.* v. *Galin*,
37 How., 310; *Clark* v. *Smith, Exr.*, 46 Barb., 30; *Haughey*
v. *Wright*, 12 Hun, 179.) Where it is obvious that a fact
was assumed on a trial, it is as much in the case as if expressly
proved. (*Paige* v. *Fazacerly*, 36 Barb., 392; *Beekman* v. *Bond*,
19 Wend., 444; *Pollen* v. *Leroy*, 10 Bosw., 56; *The People* v.
*Third Avenue R. R. Co.*, 45 Barb., 63, 66; *Clute* v. *Emerick*,
12 Hun, 504; *The People* v. *Cook*, 8 N. Y., 67, 73; *Brown* v. *C.
and S. R. Co.*, 12 id., 490.)

*George B. Bradley*, for the respondent.

HARDIN, J. :

When this case was before the General Term on an appeal from
the first trial it was held, viz. : "To impeach the defendant's appar-
ent title to these bonds it was necessary, we think, *to establish that
the* name of Fellows *was inserted* in the indorsement on the back
of the bond *by mistake or fraud.*"

Under this proposition, on the trial now under review, the
plaintiff's testator sought to recover, and for the purpose of sus-
taining his theory, he was called as a witness and gave evidence
in which occur four rulings that must be considered. The questions,
answers, and rulings alluded to were as follows :

(No. 1.) "Q. At the time you left these bonds in the safe was
the name of Mr. Fellows in either of these indorsements ?" A.
"No sir ; it was not." The defendant objected upon the ground

that the evidence is incompetent under section 399 of the Code and necessarily involved a personal transaction with Mr. Fellows who is dead. The objection was overruled and the defendant's counsel duly excepted. (2.) " Q. Was the name of Joseph Fellows anywhere in these instruments at that time ? " A. " No, sir."

(No. 2.) " Q. Did you ever in any manner *consent* to any person that his name should be written in these indorsements ? " The defendant objected on the same ground as before. The objection was sustained by the court and the plaintiff excepted.

(No. 3.) " Q. After you put these bonds in the drawer, did you *authorize* any person to take them from the drawer ?" The defendant's counsel objected, as before. The court overruled the objection ; the defendant's counsel duly excepted, and the witness answered : *"No, sir, I did not."*

(No. 4.) " Q. Did you ever transfer those bonds to any one in any way." The defendant's counsel objected, as before. The court overruled the objection ; the defendant's counsel duly excepted, and the witness answered : " I never *transferred them*, and I never saw *them*, after I put them in there, *until at the last trial."*

It must be assumed that some of the evidence given in answer to the foregoing questions was incompetent, as against the defendant, who claimed the property *as assignee* of Joseph Fellows, who was dead.

It has been held that a negative fact cannot, under such circumstances, be proved by a witness who is a party and brought within the terms of section 399. (*Clarke* v. *Smith*, 46 Barb., 31; *Dyer* v. *Dyer*, 48 id., 190 ; *Howell* v. *Van Siclen*, 6 Hun, 115; *Haughey* v.' *Wright*, 12 id., 179.) This principle is recognized by CHURCH, Ch. J., in *Hier* v. *Grant* (47 N. Y., 281). He says, " although such a question is upon the threshold of forbidden ground, I do not think it violates the statute, unless perhaps in a case where the mere fact of a conversation is the material fact to be proved." We must, in deference to these cases, hold that the answer of the witness, " I never transferred them, and I never saw them after I put them in there, until at the last trial," was incompetent.

Such, in effect, was the view taken by the learned judge, who

refused a motion for a new trial at Special Term. But he assumed that although it had been proved that Fellows was dead, " it did not appear that Heermans was assignee ;" and that in the absence of such proof there was nothing to found the objection upon to such testimony. But we think the court and counsel assumed the fact at the time the four questions and rulings quoted were had, that Heermans was claiming title to the bonds as assignee of Fellows.

(1.) Such was the verified answer of the defendant.

(2.) The object of the plaintiff in giving such evidence was to get rid of the effect of " defendant's apparent title to these bonds," as judge E. D. SMITH called it in the opinion quoted, *supra.*

(3.) When the court sustained the objection made to question number two, it must have assumed the fact, otherwise there was no force in the objections which were sustained.

(4.) There was no statement by the court, when the last ruling was made, that it was because the fact did not then appear to be proved by the defendant that the claim made by him was as assignee.

Had such been the ground of the ruling in regard to such transaction with Fellows, it is probable the court would have so stated, so that the proof might have been given.

It is well settled that when a fact is assumed upon a trial, a party cannot on review claim to the contrary, having acquiesced in respect to the assumption made at the trial.

This principle is fully considered in *Paige* v. *Fazackerly* (36 Barb., 393), and the cases collected and commented upon. The syllabus of these cases is as follows :

" Where a court of review is satisfied, from the general scope and tenor of the proceedings on the trial, that a particular fact *was not* a matter of contest, nor a ground of objection there, but was *assumed* or taken for granted in the conduct of the cause, *it may* and should conclude that the fact was as it was assumed to be." (*Smith* v. *Hill*, 22 Barb., 656; see, also, *Tooley* v. *Bacon*, 70 N. Y., 34.)

The incompetent evidence was very important, and we doubt not influential upon the jury. It was so treated by the judge in

his charge to the jury at different parts thereof. He said : " The fact that his (Fellows) name is inserted in the order makes him the owner, unless you shall find *that the name was* placed there by some *one having no right or authority* to place it there, or that it was written in there by mistake by Mr. Fellows, in whose hand-writing it appears to be." Again, he says : " You remember Hill's testimony, *which is*, that he never transferred the bonds to any one ; nor did he ever give any one the authority to insert the name of Fellows in the assignment."

In fine, the court instructed the jury that if they believed the truth of Hill's statement in giving this incompetent evidence, they should find for the plaintiff ; under such instructions it was quite reasonable to expect the verdict would be as it was for the plaintiff. We are not, therefore, at liberty to disregard the error in respect to the admission of incompetent evidence upon the idea that it did not prejudice the defendant.

A new trial must be granted and the judgment and order reversed, with costs to abide the event.

TALCOTT, P. J. and SMITH, J., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.