BREWSTER MAVERICK et al., Respondents, v. WILLIAM D. MARVEL, Appellant.

*It seems* that when the mere fact that a party has had a conversation with a deceased person, to whom the opposite party stands in the relation specified in the provision of the Code of Civil Procedure in reference to the testimony of parties (§ 829), is the material question, it is not competent for such party to testify that he had the conversation.
*Hier* v. *Grant* (47 N. Y. 278), distinguished.

(Argued October 25, 1882 ; decided November 14, 1882.)

THE facts in this case are stated in the opinion, which is given in full.

" This action was brought to recover the amount claimed to be due to the plaintiffs from the defendant, for engraving and lithographing certain railroad bonds for him.   The defendant in his answer denied that the work was done for him personally, and alleged that he ordered them as the agent of the Quincy and St. Paul Railroad Company, and that the plaintiffs at the time knew that he ordered them as such agent, and not on his own account.   On the trial the plaintiffs gave evidence showing that the work was ordered at their office by the defendant, and that the order for the work was given to the plaintiff Maverick and to one of the employes of the plaintiff's firm, and not to Stephan, who was one of the partners and who died before the commencement of this action.

The defendant, being called as a witness on his own behalf, testified that he called at plaintiff's office and procured some samples of one of plaintiff's employes, and was informed that Stephan would call at his office and see him about it, and that Stephan did afterward call.   He was then asked this question : " What did Stephan say to you ? "   This was objected to on the part of the plaintiffs as being a conversation with a deceased partner, and the question was excluded.   He then testified that his brother was present and heard the conversation at his office between him and Stephan on two occasions before he gave the first order for one thousand- eight hundred bonds; that afterward Stephan again called upon him at his office and there had another conversation with him, and then his counsel put this question to him : " Did you and Mr. Stephan have a conversation at that time in relation to the one thousand two hundred bonds of the Alba, Knoxville and Des Moines Railroad Company, subsequently delivered to you by his firm ? "   To this question counsel for the plaintiffs objected and the objection was sustained, and this ruling is now complained of as error, and presents the only question we need consider.

When this question was put it did not appear how it could be material ; no explanation was made of its aim; and what use could be made of the answer.   If material it called for a conversation with the deceased partner, to which the witness was

apparently incompetent to testify. Therefore at that stage of the case, in the absence of any further offer or of any explanation, the court was justified in excluding the question.

Afterward the defendant's brother was called by him as a witness, and he gave evidence, somewhat confirmed by another witness, showing that Stephan called at the office of the defendant several times in reference to the bonds, and there had conversations with the defendant in which it was made known to him that the defendant was simply acting for the railroad company, and was in no case to be personally liable for the bonds, and that the railroad company was to pay for them. He was not personally acquainted with Stephan, but at plaintiffs' office had been introduced to a man there called Stephan, and when the same man called at the office of the defendant he was addressed as Stephan by one of plaintiffs' employes and by the defendant. On cross-examination he was asked to describe Stephan, and he gave a description of him.

After the defendant had rested his case the plaintiffs called some witnesses, whose evidence tended to show that the description which the defendant's brother had given of Stephan was inaccurate, for the apparent purpose of claiming that the person who called at the office of the defendant and there had the conversation with him was not Stephan, or for the purpose of entirely discrediting the evidence of the witness.

The claim is now made that if the defendant had been permitted to answer the excluded question he would have shown that the person with whom he had the conversation in his office, as testified to by his witnesses, was in fact Stephan, and that he was competent to give evidence for that purpose. One answer to this claim is that the evidence manifestly was not offered for that purpose and the court could not have supposed that it was. Another answer is that in any view the defendant was not competent to answer the question in the form in which it was put. The defendant's brother testified to but one conversation between the defendant and Stephan as to the one thousand two hundred bonds, and the whole of that conversation was material, showing that the contract was made for and on the part of the railroad company. If, therefore, the defendant had been permitted to testify that he had a conversation there

with Stephan about the bonds, it would have been testimony that he had the very conversation testified to by his witness, and it would then have had a direct and vital bearing upon the issue between the parties. If after the dispute had arisen upon the trial as to the identity of the man who came to the office of the defendant, he had been called and asked whether Stephan was the man who was at his office at that time, it would probably have been competent within the principles laid down in *Pinney* v. *Orth* (88 N. Y. 447). But the scope of this question was broader. It called for a transaction with a deceased person, to-wit, a conversation about the very bonds which gave rise to the controversy. It also called for a conversation between the witness and the deceased person. The inquiry was not only whether at that time they had the conversation, but the question called really for the subject of the conversation.

The counsel for the defendant claims that the question was precisely justified by the authority of the case of *Hier* v. *Grant* (47 N. Y. 278). In that case one Schnauber, who had been a member of plaintiff's firm at the time of the creation of the debt for the recovery of which the action was brought, was dead, and one of the defendants was asked whether he had "any conversation with Schnauber in relation to selling Hoyt tobacco." Plaintiff's counsel objected to the question as calling for a transaction or communication with a deceased person; the objection was overruled and the witness answered, "I did." Upon appeal it was claimed that this question was improperly allowed, and it was held that no error was committed in overruling the objection to it. Church, Ch. J., in writing the opinion, said: "The fact of having a conversation was not a transaction within the meaning of the Code, nor was it a communication. The referee sustained the objection to the question calling for the conversation, and allowed the witness to state only the fact that he had one. Although such a question is upon the threshold of forbidden ground, I do not think it violates the statute, unless perhaps in a case where the mere fact of a conversation is the material fact to be proved. The communication proved was the important fact in this case, and the circumstance that *a* conversation was had was immaterial

and no more important than would be the circumstance that the defendant had seen Schnauber on a certain day. Besides the plaintiffs could not have been injured by the answer."

It is plain to be seen that the ruling in that case was upheld upon the ground that the evidence was immaterial and that it could not have injured the plaintiffs. Here the evidence offered might have been, and the counsel for the defendant now claims that it very likely would have been, of controlling importance. To allow such a question to be answered, under such circumstances, would be against the policy of the section of the Code cited, and would go far toward nullifying its provisions.

We are therefore of the opinion, for all the reasons given, that the judgment should be affirmed, with costs.

*David McClure* for appellant.

*Frederick Swarts* for respondent.

EARL, J., reads for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.