### WALLACE *et al.* v. BLAKE *et al.*

(*Superior Court of New York City, General Term.* March 4, 1890.)

PLEADING AND PROOF—VARIANCE.

In an action for yarn alleged to have been sold and delivered to defendants in March, the answer set up as a defense, and by way of counter-claim, that, before the transactions set forth in the complaint, plaintiffs had shipped to defendants yarn which the latter had intended to purchase, but that, on discovery that it was not such yarn as plaintiffs had agreed to sell, it was agreed that the yarn should be treated as a consignment for the account of plaintiffs. *Held*, that this was not an allegation of an agreement that the yarn sold and delivered in March should be treated as a consignment, and did not warrant the admission of evidence that the contract for the sale thereof had been changed to one of consignment; nor was such evidence admissible under a general denial.

Appeal from trial term.

Action by William Wallace and Armitage Wilkinson against Frederick D. Blake and Charles Waterman to recover the value of five invoices of yarn. A verdict in favor of plaintiffs was ordered by the court. Defendants appeal from the judgment entered thereon.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*W. C. Beecher* and *C. Bainbridge Smith*, for appellants. *Norwood & Coggeshall*, (*Carlisle Norwood, Jr.*, of counsel,) for respondents.

TRUAX, J. The case shows that the plaintiffs sold and delivered to the defendants certain goods at an agreed price, but the defendants attempted to show that after the sale and delivery it was agreed between them and the plaintiffs that the contract of sale and delivery should be changed to one of consignment; and their exception to the refusal of the court to allow them to show this consignment presents the only point on which they ask this court to reverse the judgment; or, in the words of the counsel for the defendants, which are to be found on page 2 of his brief: "The main question in controversy in this case is whether the goods so delivered to the defendants were purchased by them, or whether they were to be sold by the defendants for and on account of the plaintiffs." The court refused to allow the defendants to show that the contract of sale had been changed to one of consignment, on the ground that such a defense had not been pleaded. It was alleged in the complaint that on the 3d, 10th, 17th, 24th, and 31st days of March the plaintiffs sold and delivered to the defendants certain goods. The answer sets up as a defense, and by way of counter-claim, that prior to the dates of the alleged transactions set forth in the said complaint the plaintiffs had shipped to the defendants divers merchandise, consisting of yarn, which they had intended to to sell to defendants, and which the defendants intended to purchase from them,

but after the receipt of the said yarn it was discovered, as was a fact, that same was not such yarn as the plaintiffs had agreed to sell to the defendants, and thereafter it was agreed between the plaintiffs and the defendants that said yarn should not pass to the defendants as a sale thereof to them from the plaintiffs, but that same should be considered, and thereupon become, consignments of yarn to the defendants from the plaintiffs, to be sold for the account of the plaintiffs by the defendants.   This is not an allegation that it was agreed between the plaintiffs and defendants that the goods sold and delivered to defendants in March should be treated as goods consigned by the plaintiffs to defendants, and did not warrant the admission of the evidence that was ruled out by the court, as above stated.   It referred to other and to different yarn.   In fact, the defendant Blake said that the complaints referred to were not of the March shipments, but of the same number.   There were not complaints of that particular yarn in the custom-house, which was then intact, and in bulk.   Nor was the defense that the defendants sought to prove on the trial admissible under the general denial.   It was an affirmative defense, and related to something that had taken place after plaintiff's cause of action had accrued, and should have been pleaded.   The evidence excluded did not tend to controvert the material affirmative allegation of the complaint, which was the allegation of sale and delivery.   The ruling was in harmony with the decisions of the court of appeals in the cases cited by counsel for the defendants.   In the case of *Hier* v. *Grant*, 47 N. Y. 278, which was also an action for goods sold and delivered, the defendants were allowed, under a general denial, to show that they had not purchased the goods, by showing that the person who purchased the goods was not at the time of the purchase the agent of the defendants.   In that action it was claimed by the plaintiff that the goods were purchased by a person who was acting as agent of the defendants.   In the case of *Schwarz* v. *Oppold*, 74 N. Y. 307, the defendants were allowed to show that they had not made the note in suit, by showing that the words "with interest" had been added to the note after it was signed by them.   This is not an affirmative defense, like the one which the defendants sought to prove on the trial of this action.   The judgment and order appealed from are affirmed, with costs.

All concur.