### CLAFFY *v.* O'BRIEN *et al.*

(*Common Pleas of New York City and County, General Term.* June 2, 1890.)

PLEADING—ANSWER—ADMISSIONS.

In an action for the value of specific merchandise sold and delivered, an answer which denies each and every allegation of the complaint, but admits that at the time alleged plaintiff furnished "certain" goods, but not of the value alleged, does not admit the purchase of the goods referred to in the complaint. Affirming 7 N. Y. Supp. 499.

Appeal from city court, general term.

Action by John Claffy against John O'Brien and others to recover $582.06 for goods sold and delivered. A judgment entered on a verdict in favor of plaintiff was affirmed by the general term of the city court, and plaintiff again appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*L. Laflin Kellogg*, for appellant. *E. T. Lovatt*, for respondents.

BOOKSTAVER, J. The complaint, after averring the copartnership of the defendants, contains the usual allegations in an action for goods sold and delivered. The answer, after admitting the copartnership of the defendants, is in substance a general denial, coupled with an admission that, between the dates mentioned in the complaint, certain goods were furnished the defendants, but not to the value of $582.06. The appellant contends that this was an admission that the goods in controversy were sold and delivered to the defendants; but in view of the fact that the plaintiff had, between the dates

mentioned in the complaint, sold certain goods to the defendants, which had been used by them on work done by them near Derby, Conn., while the goods sued for in this action were delivered in this city, and used here by John Flanagan upon a wholly different work, we think the admission means no more than that the plaintiff furnished certain goods to the defendants, but not the goods in controversy. As pointed out by the court below, the plaintiff did not construe the pleading into an admission of indebtedness for the goods referred to in the complaint; for he did not move for judgment on it, nor did he ask the trial judge to direct the jury that it contained an admission of liability for the debt. On the trial it was therefore necessary for the plaintiff to prove that the goods had been purchased by the defendants, or by their duly-authorized agent, and delivered to them or such agent; or, if no agency was proved, that the defendants, with a full knowledge of the facts, subsequently ratified the acts of one who was not their agent. The plaintiff did not claim that either of the defendants made the purchases in person, but endeavored to show that they were made by John Flanagan, who, he claimed, was defendants' superintendent, and duly-authorized agent to make the purchases. This the defendants denied; hence the question of agency became the vital one in the case, and under the general denial the defendants had the right to offer any competent evidence to disprove the agency. *Hier* v. *Grant*, 47 N. Y. 278; *Schaus* v. *Gas-Light Co.*, 36 N. Y. Super. Ct. 262. The evidence introduced by defendants tending to show that Flanagan was not at the time their superintendent, but a subcontractor under them, and that he bought the goods on his own account, was admissible under the pleadings. No other objection was taken to it, and therefore no error was committed in allowing it.

Appellant also contends that, this evidence having been admitted, it was error to exclude the contract between defendants and the city of New York, under which they claimed they had made a subcontract with Flanagan, and which plaintiff denied. That contract contains these covenants: "And the said party of the second part [meaning defendants] hereby further agrees to give his personal attention constantly to the faithful performance of the work, and not to assign or sublet the work, or any part thereof, without the previous written consent of the aqueduct commissioners indorsed on this agreement, but will keep the same under his personal control;" and plaintiff insists that it was important to have these facts before the jury upon the probability of the defendants, in the face of such covenants as these, hazarding their rights in a large and valuable contract by violating these covenants. But the clause of the contract containing these covenants was read on the cross-examination of one of the defendants, and was in evidence, and he was examined in regard thereto. The defendants failed to prove any written consent, as required by the terms of the covenants. The plaintiff, therefore, had these facts before the court and jury, and was entitled to present any considerations or arguments that might be deduced from these facts as to the probability of defendants' contention, with the same force and effect as if the contract itself had been offered in evidence, and we do not see how he was injured by its exclusion.

At the close of the case, the plaintiff made no request for a direction in his favor, and it went to the jury without objections. The trial judge clearly and concisely charged the jury upon the only questions involved in the case, and on the conflicting evidence they found in favor of the defendants, which conclusion we are not at liberty to disturb. The judgment and order appealed from should therefore be affirmed, with costs.