HEYNE *v.* DOERFLER.

(*Supreme Court, General Term, Second Department.*  July 18, 1890.)

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIMS.
   A claim against the estate of a decedent was composed of two items, one arising out of a special contract to furnish board to two nieces of decedent, and the other was for nursing decedent.  Three witnesses testified to statements by decedent that she would pay plaintiff the amount claimed for the board of her nieces, and deceased was also proven to have said that plaintiff was attending her as a professional nurse, and she would pay him "all he lost," "and the same as any professional nurse." *Held*, that the claim was fully proven.

2. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENT.
   Under Code Civil Proc. N. Y. § 829, which forbids a party to be examined in his own behalf against the executor of a deceased person "concerning a personal transaction or communication between the witness and the deceased person," it is not reversible error to permit the claimant in a statutory claim case against the estate of a decedent to prove that he had a conversation with decedent, unless the mere fact that there was a conversation is a material fact to be proved.

Appeal from special term, Kings county.

An action by Carl R. E. Heyne against John Doerfler, as executor of Maria F. Arlt, brought under the statute relating to claims against estates of de-

ceased persons. The referee reported in favor of plaintiff, and defendant appeals. Code Civil Proc. N. Y. § 829, forbids a party to be examined in his own behalf against the executor of a deceased person "concerning a personal transaction or communication between the witness and the deceased person."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. H. Goetting*, for appellant. *Jackson & Burr*, for respondent.

BARNARD, P. J. The plaintiff presented a claim against the estate of Maria F. Arlt, deceased. The claim was composed of two items, one arising out of a special contract to furnish board to two nieces of testatrix, and the remainder of the claim was for personal service as nurse rendered by plaintiff for deceased at various dates between June, 1887, and March, 1888, when she died. The claims were fully proven so far as the same were allowed by the judgment. As to the $200 claim, it was proven by the witness Stenity that the deceased shortly before her death stated to the plaintiff that she would pay the $200 "that I promised to you for the board of Anna and Emil." The deceased was proven to have stated to the witness Fillsey that she would give the plaintiff $200 to take away from her two parties who had come from Germany. The deceased made substantially the same statement to Mrs. Heyne. As to the remainder of the claim, the deceased is proven to have said to her physician that the plaintiff was attending her as a professional nurse, and she would pay him all he lost, "and the same as any professional nurse." The deceased is proven to have told the plaintiff's wife that "she would pay for the service as nurse whatever plaintiff lost, and more than that." The plaintiff was a journeyman cigar-maker, and earned at his business $15 a week.

The question put to the plaintiff, whether he had had a conversation with deceased about Emil and Anna Jones coming to his house before they came, was not improper. The answer proved nothing more than that there was a conversation. This was held to be on the verge of offense original, (section 829 of the Code,) but was not sufficient to reverse a judgment in favor of a plaintiff. *Hier* v. *Grant*, 47 N. Y. 278. The mere conversation would be improper when that was the material fact to be proved. *Maverick* v. *Marvel*, 90 N. Y. 656. The conversation was subsequently proven by the defendant. Anna Jones testified to a conversation with deceased favorable to the defendant. The plaintiff then testified as to his version of the conversation favorable to himself. The conversation was on a Sunday afternoon, and was overheard by Mrs. Jones in the yard. The plaintiff was upstairs with the deceased. There is no claim that there was more than one conversation between the plaintiff and deceased on the subject. There are no other exceptions which call for a reversal of the judgment. Judgment affirmed, with costs. All concur.