## FAILURE TO COMPENSATE BY BEQUEST FOR SERVICES RENDERED.

### Court of Appeals for Carroll County.

LEWIS WALTERS, AS ADMINISTRATOR OF THE ESTATE OF NANCY J. WALTERS, v. JOHN D. HEIDY.

### Decided, April Term, 1913.

*Compensation for Services—Where Promised to be Made by Will, But the Promisor Died Intestate—Statute of Frauds—Limitation of Actions.*

W agreed with H that if he would render her certain services she would, in compensation thereof, make a will giving him all the property she owned at the time of her death. H performed services under the agreement. W died intestate. *Held:*

1. H can maintain an action to recover the value of the services so rendered.
2. The statute of limitations does not begin to run against such action until the appointment of an administrator of W's estate.

*Wallace M. Handley,* for plaintiff in error.
*I. N. Blythe,* contra.

METCALFE, J.; NORRIS, J., and POLLOCK, J., concur.

Defendant in error was' plaintiff below. In the second amended petition filed in the case it is averred in substance, that in February, 1890, he entered into a verbal agreement with Nancy Heidy, whereby he agreed to live with her upon her farm, known as the Tom Neely farm, as long as she desired him to do so, and that in compensation for his services to be rendered her in that behalf she agreed to make a will and give to him all the property she owned at the time of her death. That in pursuance of that agreement he did move onto said farm and for a period of about two years gave his work and labor to the said Nancy Heidy, and performed services which he claims were of the value of a thousand dollars. In the meantime Nancy Heidy married Lewis Walters, plaintiff in error in this case, and some time after her marriage with Walters Heidy moved away from the farm.

Nancy Walters died in 1910 intestate, and after the appointment of an administrator Heidy brought his action to recover the value of the services which he claims to have rendered under his agreement with her. Upon the trial of the case Heidy recovered judgment. A number of questions are urged in argument, but we think the only questions of importance are, whether the action can be maintained, and if so whether it is barred by the statute of limitations.

That the agreement of Mrs. Walters to compensate Heidy for his work by will was within the statute of frauds, and that no action can be maintained thereon for specific performance or for damages seems clear. *Austin* v. *Davis,* 13 L. R. A., 120; *DeMoss* v. *Robinson,* 46 Mich., 52; *Wallace* v. *Long,* 55 Am. Rep., 222; 8 L. R. A., 414; 25 Am. Law Journal, 69.

But if no action can be maintained upon the contract, does it follow that if services are rendered in pursuance of a mutual understanding that compensation shall be made therefor by will, and the party receiving the services dies without making the expected compensation, that the party rendering the services may not recover their value from the estate of the deceased? Without entering into a discussion of this question we think the right to recover in such case is fully sustained by the following authorities: *Robinson* v. *Raynor,* 28 N. Y., 494; *Martin* v. *Wright,* 13 Wend., 460; 28 Am. Dec., 468; 41 N. Y., 480; *Jenkins* v. *Stetson,* 9 Allen, 128; *Wellington* v. *Apthorp,* 145 Mass., 69; 57 Am. Rep., 759.

It is urged that the statute of limitation began to run at the time Heidy ceased to labor on the farm, and hence that his cause of action is barred. Upon the question of the statute of limitations the trial judge charged the jury as follows:

"If upon consideration of all the evidence adduced on the trial you find that said agreement between plaintiff and decedent as claimed by plaintiff was in fact made, that said plaintiff was to be compensated for said alleged services rendered, and means of support furnished, if any, and that he was not to receive such compensation until the death of Nancy J. Walters then in such event I say to you as matter of law that his cause of action therefor would not arise and would not accrue to him until the date

of said Nancy J. Walters' death, which is admitted to be May 19, 1910, and in such event, plaintiff's cause of action would not be barred by the statute of limitations.''

The evidence in this case tends to show that the services which Heidy was to render for Mrs. Walters were to be paid at her death by a provision in her will. The manner in which they were to be paid is a matter of indifference. The question is was the compensation to be made at her death. If Heidy was not to be paid until her death how could a cause of action arise before that time? In the case of *Marsh, Admr.*, v. *Clark*, 11 O. D., 564, it is held that where an uncle agreed to compensate his nephew by will for services that the statute of limitations did not begin to run until the death of the uncle. In *Hoiles* v. *Riddle*, 74 O. S., 173, the holding is to the effect that in an action on a contract not in writing which became due by the decease of the debtor the cause of action does not accrue until the appointment of an executor or an administrator. We do not think that the fact that the contract in this case could not be enforced specifically makes any difference in the application of the principle announced in *Hoiles* v. *Riddle*, and that the statute would not begin to run until the appointment of an administrator for Mrs. Walters' estate. And as the death of Mrs. Walters and the appointment of the administrator occurred within six years prior to the commencement of the suit the statement in the charge that the statute began to run at the death of Mrs. Walters is not prejudicial.

Judgment affirmed.