Richards, J.
Samuel Curson was plaintiff in the court of common pleas, in which court he set forth in his petition a claim to recover $5,000 as the reasonable value of services alleged to have been rendered by him for William Bevins, now deceased. He averred in substance that at the request of William Bevins, he had performed labor for the purpose of assisting in the farming of a certain described tract of land owned by Bevins, that these *290 services continued for a part of each year from 1882 to 1907, and that Bevins had agreed that if plaintiff would perform such services he would make a will giving plaintiff the farm described in the petition. He further alleged that William Bevins'died intestate on August 25, 1917.
The trial resulted in a verdict and judgment for $4,000 in favor of the plaintiff, and this proceeding in error is brought to reverse that judgment.
While the allegations of the petition are quite meager this court is of opinion that under the liberal construction which should be given to pleadings the petition is sufficient to state a cause of action and is not justly assailable by demurrer.
The plaintiff himself was the first witness'called to substantiate his claim, and in the course of his examination was asked this question:
“You may state now, Mr. Curson, whether or not you ever had any conversation with Mr. Bevins — William Bevins, — with reference to your doing work on his farm?”
The defendant objected to the question and the court stated that the witness might answer “yes” or “no.” To this ruling the defendant, excepted and the witness thereupon answered “yes.” He was then asked to state what that conversation was, and, on objection being made, he was not permitted to state the conversation, the court holding that the case fell within the terms of Section 11495, General Code. It is now insisted by counsel for plaintiff in error that it was prejudicial error to permit the witness to testify against the administrator of a decedent that he had a conversation with the decedent in reference to doing work on his farm and *291 that it was also error prejudicial to the rights of the plaintiff in error for counsel to press the question as to the terms of that conversation. By the plain provisions of the section of the General Code cited,Curson was disqualified as a witness and was prohibited from testifying except as to “facts” which occurred after the death of William Bevins. If he had a conversation with Bevins with regard to the performance of the work on his farm, that would manifestly be a “fact” within the language of the statute, and that kind of fact which he is prohibited from stating. Curson was relying upon an oral promise claimed to have been made by Bevins in his lifetime, and, if such promise were made, it would be the result, in the ordinary and usual course of events, of a conversation between the parties. To permit plaintiff, by his own testimony, to establish the fact of the conversation is permitting him to take one step toward establishing by the aid of that testimony a fact material to his case. Other witnesses subsequently called testify, as to what 'was said in the conversation, and their evidence would be, in a measure, -corroborative of the statement which the plaintiff was permitted to give that he had in fact had the conversation with Bevins. The course taken puts before the jury, by the testimony of the plaintiff against the estate of a deceased person, the fact that he had had a conversation on the subject involved in the litigation, thereby opening the door to what was said and to the promise claimed to have been made.
Authorities have been cited shedding more or less light upon the question under consideration, but their weight must depend very much upon the terms *292 of the statutes under which the rulings were made. Our attention is called to Hier v. Grant, 47 N. Y., 278, and Maverick v. Marvel, 90 N. Y., 656, but the provisions of the New York statute are not the same as the Ohio statute. See also Sheldon v. Thornburg, Admr., 153 Ia., 622.
We have no difficulty in reaching the conclusion that it is error in this kind of a case, brought against the estate of a decedent, to permit the testimony that was allowed to be given to the jury, and, in view of the other evidence contained in the bill of exceptions, it is manifest that the introduction of this evidence was highly prejudicial to the rights of the defendant below.
Among other defenses the administrator relied on the statute of limitations. It appears from the averments of the petition that the services which were rendered terminated in 1907 and that William Bevins lived for a period of ten years thereafter. For this reason we are urged to hold that whatever claim the plaintiff had, if he had any, is barred by the statute of limitations of six years. The claim as set forth by the plaintiff and as attempted to be sustained by his evidence was based on an oral contract by which he was to perform labor in and about the handling of a certain farm owned by Bevins, and for this he was to be compensated by will giving him the farm. Manifestly this compensation was hot to be furnished until the death of Bevins, and as that event did not occur until 1917 the plaintiff’s cause of action would not accrue before that time. It is insisted that the agreement if made was absolutely void because of the Statute of Frauds. The books are full of un *293 certainty and inaccuracy in the use of the words “void” and “voidable” and many contracts have frequently been spoken of by the courts as “void” when they were in law only “voidable.” Clearly no recovery could be had upon this oral agreement, and it was, as such, unenforceable, but a contract can not properly be said to be “void” unless it is a mere nullity and not susceptible of ratification.
In Walters, Admr., v. Heidy, 1 Ohio App., 66, the court of appeals of the seventh district held that the statute of limitations on an agreement in all essential particulars like the one at bar did not commence to run until the appointment of an administrator of the decedent. While the authorities are not uniform on this question, yet it is apparent that a great majority of them sustain the conclusion reached in the case just cited. To this effect are the following: Blair v. Hager, Exr., 97 App. Div. (N. Y.), 358; Goodloe v. Goodloe, 116 Tenn., 252; Schoonover, Exr., v. Vachon, 121 Ind., 3; Schempp v. Beardsley, Exr., 83 Conn., 34, and Norris, Admr., v. Clark, 7 Dec. Rep., 564.
The general rule applicable in such cases is stated in 40 Cyc., 1071, to be that the statute of limitations does not begin to run before the promisor’s death.
The contrary doctrine is maintained in Wisconsin, as announced in Martin v. Estate of Martin, 108 Wis., 284.
The question is indeed a debatable one and much may be said in behalf of either view, but we are disposed, after mature consideration, to follow the decision announced by the court of appeals of Ohio in the authority already cited.
*294 For the reasons given, and upon the authorities cited, we hold that the claim of the plaintiff is not barred by the statute of limitations.
We hold, however, that it was prejudicial error for the trial court to admit the evidence of Curson as to his having a conversation with Bevins on the subject involved in this litigation, and that in view of the other evidence contained in the bill of exceptions this error is so prejudicial as to require a reversal of the judgment.

Judgment reversed, and cause remanded for new trial.

Kinkade and Chittenden, JJ., concur.