**Gerald TREW, Plaintiff–Appellant,**

v.

**Don OGLE and Steve Melton Individually and d/b/a D & S Shavings, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 7, 1988.

Permission to Appeal Denied by Supreme Court Feb. 27, 1989.

Carroll Ross, with Carter, Reid & Harrod, Athens, for plaintiff-appellant.

David S. Humberd, Cleveland, for defendants-appellees.

## OPINION

SANDERS, Presiding Judge (Eastern Section)

The Plaintiff has appealed from a chancery decree dismissing his action for specific performance of an oral contract because the agreement was not in compliance with the Statute of Frauds.

The Plaintiff–Appellant, Gerald Trew, is the former owner of a wood shavings business conducted in McMinn County. Plaintiff hauled shavings to various farm customers who used them in the operation of their chicken houses and dairy farms. Upon suffering a heart attack, Plaintiff decided to get out of the business and made it known his business was for sale.

Defendants–Appellees, Don Ogle and Steve Melton, were interested in getting into the wood shavings business and, upon hearing Plaintiff's business was for sale, they contacted him. After reviewing Plaintiff's books and engaging in various discussions with him the parties entered into an oral agreement whereby Plaintiff agreed to sell and Defendants agreed to buy Plaintiff's wood shavings business for $145,000. Defendants paid Plaintiff $1,000 down and were to pay him $3,000 per month for 48 consecutive months thereafter. Defendants paid the first month's installment but, after operating the business for approximately two months, they decided to terminate the agreement because the business was not as profitable as they had expected it would be.

Plaintiff filed suit in the chancery court seeking specific performance of the oral contract. The chancellor dismissed the suit on the basis the agreement was in violation of the Statute of Frauds.

Though Plaintiff presents three issues on appeal, the pivotal question is whether the Statute of Frauds is applicable in this situation.

The Statute of Frauds, T.C.A. § 29–2–101 (1980), provides no action can be brought "upon any agreement or contract which is not to be performed within the space of one year from the making thereof" unless the agreement is in writing and signed by "the party to be charged." The statute has been construed to apply to contracts where, by express understanding of the parties, it was agreed the contract would not be performed within the year. *See, Johnston v. Cincinnati, N.O. & T.P. Ry. Co.*, 146 Tenn. 135, 240 S.W. 429 (1922); *Boutwell v. Lewis Bros. Lumber Co.*, 27 Tenn.App. 460, 182 S.W.2d 1 (1944). An oral agreement requiring monthly payments for a period longer than one year for the sale of a business was also found to come within this provision. *See, Thompson v. Ford*, 145 Tenn. 335, 236 S.W. 2 (1921). Based on the foregoing, since it was the intention of the parties to create a contract in which performance would take place over a period of four years, there is little doubt the agreement falls within the Statute of Frauds.

An agreement that falls within the Statute of Frauds is not void but is voidable at the instance of either party. *Sneed v. Bradley*, 36 Tenn. 301 (1856); 73 Am. Jur.2d, *Statute of Frauds*, § 513 (1974). Thus, if either party disaffirms the oral contract, no action, either for specific performance or for damages, can be maintained on the contract. 73 Am.Jur.2d, *supra*, §§ 513, 517–18.

There are exceptions to this rule. The most commonly recognized exception to the Statute of Frauds is the doctrine of part performance. Under it an otherwise unenforceable oral contract can be the basis of an action if one of the parties has performed. *See,* A. Corbin, Corbin on Contracts, § 420 (One Volume Ed.1952). In this jurisdiction courts will not enforce an oral contract for the sale of land based upon partial performance alone. *See, Baliles v. Cities Services Co.*, 578 S.W.2d 621 (Tenn.1979); *Knight v. Knight*, 222 Tenn. 367, 436 S.W.2d 289 (1969); *Goodloe v. Goodloe*, 116 Tenn. 252, 92 S.W. 767 (1906); Corbin on Contracts, *supra*, § 443; Annot., 101 A.L.R. 923, 944–48 (1936). However, they will enforce a verbal contract as to personal property where there has been partial performance. *Blasingame v. American Materials, Inc.*, 654 S.W.2d 659 (Tenn.1983); *Foust v. Carney*, 205 Tenn. 604, 329 S.W.2d 826 (1959); *Buice v. Scruggs Equipment Co.*, 194 Tenn. 129, 250 S.W.2d 44 (1952).

The subject matter of the contract in the case at bar, i.e., the sale of the wood shavings business, its goodwill and the chattels used in its operation, constitutes personal property. Therefore, should we determine there was sufficient part performance of the sale agreement, the part performance exception will properly operate to take the agreement out of the Statute of Frauds.

In exchange for their promise to pay, Defendants were to acquire the following: (1) two trucks specially equipped to haul and spread wood shavings, (2) Plaintiff's arrangements with the planing mill which supplied wood shavings, (3) the conveyor belt (also referred to as a shavings elevator) installed by Plaintiff at the planing mill for use in loading shavings onto a truck, (4) the shavings Plaintiff had stockpiled at the time of the sale, (5) the use of storage facilities located on Plaintiff's property, and (6) as many of Plaintiff's existing customers as would be willing to patronize Defendants. Plaintiff, in an effort to help Defendants get started in the business, agreed to other special arrangements as well. For instance, since Defendants could not make a substantial enough down payment to satisfy existing liens on the trucks, it was agreed title would remain in Plaintiff's name until Plaintiff could pay the balance due with the proceeds from Defendants' monthly installments. To further accommodate them, it was agreed Plaintiff would continue to carry insurance on the vehicles and Defendants would merely be named as drivers under Plaintiff's existing policy. Plaintiff was to inform his customers the Defendants were taking over his business and to encourage them to use Defendants' services rather than those of a competitor. He was also to teach Defen-

dants how to use the special equipment involved in the operation of the business.

 Defendants contend it was part of the agreement that, if earnings were not as Plaintiff represented, they could return the two trucks and be completely relieved of their obligation to pay under the contract. However, as the chancellor noted in his memorandum opinion, this contention is doubtful. Defendants also argue that the contract price of the business was excessive and that Plaintiff misrepresented potential earnings to fraudulently induce them to enter into the contract. That issue was not decided below nor does it have any relevance to the applicability of the Statute of Frauds to the agreement. It is also irrelevant to the issue of whether there has been sufficient part performance to take the agreement out of the statute. *See, Haynes v. Cumberland Builders, Inc.,* 546 S.W.2d 228 (Tenn.App.1976), *cert. denied,* (Tenn.1977), and cases cited therein.

 As of the date of trial Defendants were continuing to operate the business. Though they returned the two trucks they acquired from the Plaintiff, they were continuing to service customers obtained through Plaintiff's representations that Defendants were taking over his business. They had acquired Plaintiff's supplier and were using the loading equipment installed by Plaintiff when he was operating the business. Excusing Defendants' performance of the contract upon the return of two vehicles, where they have retained everything else, would be unconscionable.

In *Buice, supra,* 250 S.W.2d at page 48, citing Am.Jur., the court stated:

> The Plaintiff must be able to show such acts and conduct of the [Defendants] as the court would hold to amount to a representation that [they] proposed to stand by [their] agreement and not avail [themselves] of the statute to escape its performance; and also that the Plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, so far to alter his position as to incur an unjust and unconscious injury and loss, in case the Defen-

dants are permitted after all to rely upon the statutory defense.

It appears from the record Plaintiff did all he promised; thus he fully performed his part of the bargain. In addition, Defendants partially performed by making the down payment and their first monthly installment. Therefore, we conclude there has been sufficient performance to remove this agreement from the mandate of the Statute of Frauds.

The issues are found in favor of the Appellant. The decree of the chancellor is reversed and the case is remanded to the chancellor for a determination of the rights of the parties under the contract. The cost of this appeal is taxed to the Appellees.

GODDARD and ANDERSON, JJ., concur.