CLELLAND DAVID COLLINS, JR.,       )
and wife, CAROL V. COLLINS,         )
                                    )
        Plaintiffs/Appellee,        )
                                    )        Appeal No.
                                    )        01-A-01-9702-CH-00108
VS.                                 )
                                    )        Smith Chancery
                                    )        No. 5992
ROGER V. WELLBROOK and wife,        )
CAROLE I. WELLBROOK,                )
                                    )
        Defendants/Appellants.      )

**FILED**

**September 17, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF SMITH COUNTY
AT CARTHAGE, TENNESSEE

THE HONORABLE C. K. SMITH, CHANCELLOR



JACKY O. BELLAR
212 Main Street
P. O. Box 332
Carthage, Tennessee 37030
        Attorney for Plaintiffs/Appellees

JAMES B. DANCE
216 N. Main Street
P. O. Box 278
Carthage, Tennessee 37030
        Attorney for Defendants/Appellants




AFFIRMED AND REMANDED




BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
KOCH, J.



# **O P I N I O N**

Appellants present one issue for our review: Whether the trial court erred in finding that the statute of frauds did not bar appellees' recovery of $10,000 plus interest loaned to appellants pursuant to an oral contract. Though this contract falls within the statute of frauds, we find that, under the circumstances of this case, appellants are equitably estopped from relying on the statute to avoid repayment of the loan under the terms of the contract. Accordingly, we affirm the decision of the trial court.

## I.

David Collins and Roger Wellbrook befriended one another during their years together serving in the armed forces. Along with their wives, Carol Collins and Carole Wellbrook, the men made retirement plans to purchase and to operate a farm in Smith County, Tennessee. With no written agreement, the Collinses and the Wellbrooks formed a partnership and commenced a farming operation known as Collinbrook Farm which was in the business of raising cattle and growing apples. Subsequent to and independent of a fifty-fifty percent purchase of the farm land in 1984, each of the couples was to contribute $35,000 to the partnership. However, because the Wellbrooks were not able to pay $10,000 of their half of the investment, sometime in 1989 the Collinses agreed to loan them this money at ten percent interest. Later, Carol Collins put an additional $17,500 into the partnership at which time the parties agreed to become sixty-forty percent partners with the Collinses having the greater interest.

There is no dispute that the $10,000 loan was made to the Wellbrooks. In his testimony, Mr. Wellbrook readily admits that he did borrow the money and that the loan was to carry interest at ten percent per year. He said that the parties orally agreed that the loan was not to be repaid for five years. Mr. Collins' testimony regarding the loan differed only in that he said that the term was originally three years

with an option for the Wellbrooks to extend it to five years which they did take. In accord with Mr. Wellbrook's testimony, Mr. Collins testified that the loan was to be repaid by one lump sum payment at the end of the loan term rather than by monthly installments. It was Mr. Collins' position that the loan was a personal loan from his personal assets which the Wellbrooks invested into the partnership. He said that there was only one transaction which was in the form of a capital contribution made to the business by the Collinses.

In June of 1992, Mr. Wellbrook experienced medical problems which disabled him from further work on the farm. Apparently, after stopping work, he agreed to the Collinses' continued efforts on the farm while he maintained ownership of forty percent of the farm's assets including orchards, equipment, and cattle. When the Collinses finally decided to quit the operation, they sold some of the items owned by the farming operation keeping the money for themselves in order to partially satisfy the debt owed them by the Wellbrooks. When Mr. and Mrs. Collins filed the instant lawsuit for partition and sale of the farm as well as the division of all other partnership assets, the Collinses requested that the balance of the debt due them be deducted from the Wellbrooks' share of money from the division. Before the case came to trial on June 3, 1996, the real property had been sold and the proceeds distributed to the satisfaction of the parties. In addition, the personal property had been sold and the only issue remaining was the equitable division of the proceeds received from the sale of these personal assets.

In the trial court below, the judge first found that the Wellbrooks were indebted to the Collinses in the amount of $19,610 which was the amount of the $10,000 loan plus the ten percent interest which had accumulated by the time of the trial. As for the money owed to the Wellbrooks, the court accepted the undisputed proof presented by the Collinses that they had received $23,166.48 for the equipment and other personal assets of the farm that were sold between 1992 and 1994. The

court found that the Wellbrooks' forty percent of this $23,166.48 sum computed to $9,266.59. Because the Collinses actually received this $9,266.59 of the Wellbrooks' money early, the court did not think it fair that the Wellbrooks continue to be charged ten percent interest on this portion once it was "paid back." The court then determined that, due to the fact that the Collinses had this $9,266.59 early, $2,658.08 worth of interest never accrued on the loan thus necessitating that the Wellbrooks be credited not only the $9,266.59 kept by the Collinses upon the sale of the property but an additional $2,658.08 totaling $11,924.67. The court thus set off the $19,610 owed to the Collinses by the Wellbrooks on the loan by the $11,924.67 owed to the Wellbrooks by the Collinses from the property sold and interest which never accrued. Therefore, the final judgment was $19,610 minus $11,924.67 equaling $7,685.33 owed by the Wellbrooks to the Collinses.

On appeal, the Wellbrooks dispute only one aspect of the lower court's holding -- they argue that the statute of frauds prohibits recovery of the $19,610.00 amount due on the oral loan made to them by the Collinses. They therefore request that this court reverse the trial court's award with respect to the loan and enter a judgment for them in the amount of $11,924.67.

## II.

The pertinent portion of the statute of frauds provides that "[n]o action shall be brought . . . [u]pon any agreement or contract which is not to be performed within the space of one (1) year from the making thereof; unless the promise or agreement, upon which such action shall be brought, or some memorandum or note

thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized." Tenn. Code Ann. § 29-2-101(a)(5) (Supp. 1996). The Wellbrooks assert that the evidence clearly shows that the loan agreement at issue was an oral agreement which was not to be repaid within the space of one year. The Collinses counter with a looser interpretation of the statue of frauds arguing that because the partnership could have dissolved within a year and the loan could have been repaid within a year, this loan is outside of the statute. In the alternative, they contend that the doctrine of equitable estoppel prohibits the Wellbrooks from relying on the statute of frauds to avoid repayment of the loan.

There is no question that the defendants should repay the $10,000.00. The only question is whether the plaintiff is entitled to collect the interest the defendants orally promised to pay. We do not think any court in this state would allow a borrower, who admits he borrowed a specific sum of money, to keep the money he received because the statute of frauds barred an action on the promise to repay it. In such cases the lender clearly has an action for money had and received. *Steelman v. Ford Motor Credit Co.*, 911 S.W.2d 720 (Tenn. App. 1995). The action is not on the contract but on the proposition that in justice and fairness the money belongs to the lender. *Id.*

In this case, however, the chancellor allowed an action on the oral promise to repay the money with interest. For a number of reasons we think the chancellor correctly held that the promise was enforceable, despite the provisions of Tenn. Code Ann. § 29-2-101(a)(5)(Supp. 1996).

In this state the doctrine of part performance "removes this agreement from the mandate of the statute of frauds." *Trew v. Ogle*, 767 S.W.2d 662 at 665

(Tenn. App. 1988). In contracts not involving real estate[1] part performance by the plaintiff turns an otherwise unenforceable agreement into one that may be enforced. *Buice v. Scruggs Equipment Co.*, 194 Tenn. 129, 250 S.W.2d 44 (1952).[2] This doctrine is related to equitable estoppel where one party has induced the other to change his position so as to incur an "unjust and unconscious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense." *Id.* at 48. *See also GRW Enter., Inc. v. Davis*, 797 S.W.2d 606 (Tenn. App. 1990); *Baliles v. Cities Serv. Co.*, 578 S.W.2d 621 (Tenn. 1979).[3]

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Smith County for any further necessary proceedings. Tax the costs on appeal to the appellants.



BEN H. CANTRELL, JUDGE

---

[1]See *Baliles v. Cities Serv.*, 578 S.W.2d 621 (Tenn. 1979) and *Cobble v. Langford*, 190 Tenn. 385, 230 S.W.2d 194 (1950) for the rule with respect to real property.

[2]For the specific rules with respect to the sale of goods see Tenn. Code Ann. § 47-2-201(3).

[3]These precedents supply sufficient reasons for upholding the lower court's decision. Perhaps a more fundamental reason lies in an interpretation of the statute itself. The section of the statute of frauds on which the appellants rely prohibits an action on "any agreement or contract which is not to be performed within the space of one (1) year from the making thereof." A majority of the courts in this country hold that the statute applies only to contracts not to be performed on either side within the year. *See* 72 Am.Jur.2d *Statute of Frauds* § 19. A contract to be fully performed on one side within the year is not covered by the statutory language. *Id.* This has been called the "one side rule", *City of Tyler v. St. Louis Southwestern Ry. Co. of Texas*, 91 S.W. 1 (1906), and it is the interpretation the English courts gave to the original statute of frauds. *Id.* The language of the English statute with respect to contracts not to be performed within a year is the same as the language in Tenn. Code Ann. § 29-2-101(a)(5)(Supp. 1996). The Kentucky Supreme Court stated what seems to us to be a sensible interpretation of the statute: "It seems to us that the statute was intended and does properly apply only to an agreement that is not to be performed by either party within a year, but not to one which is to be or has been performed by one or either of them within such period." *Dant v. Head*, 13 S.W. 1073, 1075 (Ky. 1890). *See also Beacon Fed. Sav. & Loan Ass'n v. Panoramic Enter., Inc.*, 8 Wis.2d 550, 99 N.W.2d 696 (1959); *Puget Mill Co. v. Kerry*, 183 Wash. 542, 49 P.2d 57 (1935); *Wood & Brooks Co. v. D.E. Hewitt Lumber Co.*, 89 W.Va. 254, 109 S.E. 242 (1921).

It could be argued that the case of *Thompson v. Ford*, 145 Tenn. 335, 236 S.W. 2 (1921), held a contract to be unenforceable even though one party to the agreement had fully performed. That issue, however, was not raised in that case and we are not persuaded that the case is authority for a rule contrary to the "one side rule." The same argument could be made with respect to *Trew v. Ogle*, 767 S.W.2d 662 (Tenn. App. 1988). We do not adopt the "one side rule" in this case because it was not raised by the parties and the precedents cited are sufficient to sustain the decision below.

CONCUR:

- 7 -

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE