# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

DAN LOMAX, d/b/a COMMERCIAL )
CLEANING CONTRACTORS, )
                                  )
          Plaintiff/Appellee, ) Madison Chancery No. 51613
                                  )
VS. ) Appeal No. 02A01-9706-CH-00116
                                  )
JACKSON-MADISON COUNTY )
GENERAL HOSPITAL DISTRICT, )
                                  )
          Defendant/Appellant. )

FILED

October 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

### APPEAL FROM THE CHANCERY COURT OF MADISON COUNTY
### AT JACKSON, TENNESSEE
### THE HONORABLE JOE C. MORRIS, CHANCELLOR

**GREGORY D. JORDAN**
**JEFFERY G. FOSTER**
**RAINEY, KIZER, BUTLER, REVIERE & BELL, P.L.C.**
Jackson, Tennessee
Attorneys for Appellant


**EDWIN C. TOWNSEND**
**TOWNSEND AND TOWNSEND, ATTORNEYS**
Parsons, Tennessee
Attorney for Appellee

**REVERSED AND RENDERED**

                                                **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

In this breach of contract action, Defendant Jackson-Madison County General Hospital District (Hospital) appeals the trial court's order awarding a judgment of $35,390 to Plaintiff/Appellee Dan Lomax, d/b/a Commercial Cleaning Contracts. For the reasons stated hereinafter, we reverse the trial court's judgment and render a judgment in favor of the Hospital.

In March 1996, Lomax sued the Hospital, claiming that the Hospital had breached two contracts with Lomax for window washing services. The first such contract was evidenced by a purchase order issued by the Hospital on December 8, 1994, and covering a three-year period. The second contract, also evidenced by a Hospital purchase order, was issued February 1, 1995, and purported to cover a three-year period. The purchase orders were issued on forms prepared by the Hospital, and the orders contained lines for the Hospital's authorized signature; however, neither purchase order was signed by the Hospital's authorized representative.

Lomax's complaint alleged that the Hospital unilaterally terminated both service contracts prior to the termination of the three-year terms referenced therein and after Lomax had performed substantial services thereunder. Lomax sought specific performance of both contracts and, alternatively, a judgment in the amount of $35,390, the balance allegedly due under the purchase orders.

In its amended answer, the Hospital raised, inter alia, the defense of the Statute of Frauds. Both parties subsequently filed motions for summary judgment on the issue of the enforceability of the contracts.

In its final order, the trial court awarded Lomax a judgment of $35,390, plus interest, based on the court's ruling that the undisputed facts brought this case within the partial performance exception to the Statute of Frauds. This appeal followed.

Tennessee's Statute of Frauds is codified at T.C.A. § 29-2-101, and provides that

2

> (a)     No action shall be brought:
>
> . . . .
>
> (5)     Upon any agreement or contract which is not to be performed within the space of one (1) year from the making thereof;
>
> unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized.

T.C.A. § 29-2-101 (Supp. 1996).

In Trew v. Ogle, 767 S.W.2d 662 (Tenn. App. 1988), this court explained the effect of the Statute of Frauds on the enforceability of contracts:

> An agreement that falls within the Statute of Frauds is not void but is voidable at the instance of either party. Sneed v. Bradley, 36 Tenn. 301 (1856); 75 Am. Jur. 2d, Statute of Frauds, § 513 (1974). Thus, if either party disaffirms the oral contract, no action, either for specific performance or for damages, can be maintained on the contract. 73 Am. Jur. 2d, supra, §§ 513, 517-18.

Trew v. Ogle, 767 S.W.2d at 664.

A commonly recognized exception to the Statute of Frauds may be found in the doctrine of part performance. Under this doctrine, "an otherwise unenforceable oral contract can be the basis of an action if one of the parties has performed." Trew v. Ogle, 767 S.W.2d at 664. In the present case, the parties agree that the Statute of Frauds applies, inasmuch as the contracts do not contain the Hospital's authorized signature and the services contracted for cover a period of three years. Trew v. Ogle, 767 S.W.2d at 664 (indicating that Statute of Frauds applied to contract in which performance would take place over four-year period). The parties also agree that this case was appropriate for summary judgment because the material facts are not in dispute. See Byrd v. Hall, 847 S.W.2d 208, 214-15 (Tenn. 1993). The issue in this case, therefore, is whether Lomax's partial performance of the contracts takes the parties' agreements out of the Statute of Frauds. See Buice v. Scruggs Equip. Co., 250 S.W.2d 44, 48 (Tenn. 1952).

3

After a careful review of the record, we conclude that the doctrine of part performance does not apply to this case and, thus, that the trial court erred in entering a judgment in favor of Lomax on the contracts. To be applicable, the doctrine of part performance does not require merely that the plaintiff performed services under the contract sued upon. The doctrine additionally requires that the plaintiff, in performance or pursuance of the contract, altered his position in such a way that it would be unjust and unconscionable not to enforce the contract. Blasingame v. American Materials, Inc., 654 S.W.2d 659, 663 (Tenn. 1983); Buice v. Scruggs Equip. Co., 250 S.W.2d at 48; Trew v. Ogle, 767 S.W.2d at 665; 73 Am. Jur. 2d Statute of Frauds § 408 (1974).

In this case, the record contains no evidence to support Lomax's contention that he unjustly altered his position in reliance on the contracts with the Hospital. Lomax asserts that he altered his position by performing the contracts for more than a year and by holding himself out as ready to perform the remainder of the contracts. This assertion fails to explain, however, how Lomax's performance so altered his position that equity entitles him to specific performance of the contracts or damages. Lomax does not contend that he performed services under the contracts for which he was not paid. Moreover, Lomax does not contend that he made any expenditures in reliance on the contracts[1] or that he was unable to perform other jobs or services because of his contractual obligations to the Hospital. See, e.g., Blasingame v. American Materials, Inc., 654 S.W.2d 659, 660, 663 (Tenn. 1983) (applying doctrine of part performance where evidence showed that employee relocated to Tennessee in reliance upon future employer's promise of corporate stock); Foust v. Carney, 329 S.W.2d 826, 828 (Tenn. 1959) (applying doctrine of part performance where evidence showed that, in reliance upon employer's promise of raise and corporate stock, employee rejected comparable job offer from employer's competitor); Allen v. Elliott Reynolds Motor Co., 230 S.W.2d 418, 420 (Tenn. App. 1950) (applying doctrine of part performance where, in reliance on defendant's promise of exclusive automobile dealership, plaintiff incurred expenses in converting apartment house to automobile sales room and garage).

---

[1] In his deposition, Lomax testified that he purchased one piece of equipment worth $400 or $500 for the Hospital jobs. On appeal, however, Lomax does not contend that this purchase resulted in unjust injury.

4

Inasmuch as the parties agree that the Statute of Frauds applies to the subject contracts, and inasmuch as we have concluded that, under the undisputed facts, the doctrine of part performance does not take the contracts out of the Statute of Frauds, the trial court's judgment is hereby reversed, and judgment is rendered in favor of the Hospital. Costs of this appeal are taxed to Lomax, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.