IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, August 29, 2011

**DOYLE SWEENEY, v. DAVID TENNEY**

**Appeal from the Circuit Court for Greene County**
**No. 10CV378-JKW        Hon. John K. Wilson, Judge**

**No. E2011-00418-COA-R3-CV-FILED-SEPTEMBER 29, 2011**

Plaintiff sued defendant, alleging defendant owed money on a loan. Defendant defended on the ground that the contract was oral and the statute of frauds barred any collection. The Trial Court awarded Judgment in favor of plaintiff in the amount of $4,500.00. On appeal, we affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., joined, and CHARLES D. SUSANO, JR., J., filed an opinion concurring in part and dissenting in part.

Thomas C. Jessee, Johnson City, Tennessee, for the appellant, David Tenney.

Leroy Tipton, Jr., Greeneville, Tennessee, for the appellee, Doyle Sweeney.

**OPINION**

**Background**

Doyle Sweeney, plaintiff/appellee, filed a civil warrant in the General Sessions Court of Greene County, Tennessee, against David Tenney, defendant/appellant, on November 16, 2009. The warrant indicates that Sweeney sought a judgment of $8,000.00 for a personal loan he alleged he had made to Tenney. At a hearing in the General Sessions Court, the civil warrant was dismissed "on defendant's motion" that the affirmative defense of the statute of frauds was applicable.

Sweeney timely appealed the General Sessions Court's judgment to the Circuit Court, and a bench trial was conducted by the Trial Judge. The Trial Court upon entertainment of the affirmative defense of the statute of frauds made by Tenney, stated that the Statute of Frauds provides that there must be "a writing, or some memorandum or note" evidencing the agreement between the parties. The Trial Court concluded that the spread sheet prepared by Tenney was sufficient to satisfy this requirement, and awarded a judgment in favor of Sweeney in the amount of $4,500.00. Sweeney appealed.

      A.      Did the Trial Court err in failing to find that plaintiff's/appellant's claims were barred by the statue of frauds?

      B.      Did the defendant/appellant waive the defense of the statute of frauds by failing to specifically plead same as an affirmative defense in the Trial Court?

A trial court's findings of fact in a non-jury trial are reviewed *de novo* upon the record. The trial court is afforded a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13 (d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995). We review credibility determinations made by the trial court with great deference. *Keaton v. Hancock County Bd. of Educ.,* 119 S.W.3d 218, 223 (Tenn. Ct. App. 2003). The trial court is in the best position to resolve factual issues that hinge on credibility and appellate courts will not re-evaluate a trial court's assessment of a witness's credibility absent clear and convincing evidence to the contrary. *Hopper v. Moling,* No. W2004-02410-COA-R3-CV, 2005 WL 2077650 at *7, (Tenn. Ct. App. Aug. 26, 2005).

The trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005)*, Union Carbide Corp. v. Huddleston* 854 S.W.2d 87, 91 (Tenn. 1993).

Tenney contended before the Circuit Court that there never was an agreement for Sweeney to lend $8,000.00 to him and that Sweeney had provided the money to Tenney so he could pay off the credit card debt incurred by Sweeney's daughter who was then Tenney's wife. The Trial Court found the testimony of Sweeney more credible than that of Tenney as it found that there was a loan agreement between the parties, although it had not been reduced to a writing. This finding by the Trial Court has not been appealed. Tenney does appeal the Trial Court's conclusion that Sweeney's claim based on the oral loan agreement was not barred by the Statute of Frauds. There is no dispute that the agreement between the parties was not in writing. The Tennessee Statute of Frauds, Tenn. Code Ann. § 29-2-101 provides in pertinent part:

(a) No action shall be brought:

(5) Upon any agreement or contract which is not to be performed within the space of one (1) year from the making of the agreement or contract; unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party. . . .

The Statute of Frauds requires that parties memorialize certain types of contracts in writing for the contract to be enforceable. The statute has been construed to apply to contracts where, by express understanding of the parties, it was agreed the contract would not be performed within the year. *Trew v. Ogle,* 767 S.W.2d 662, 664 (Tenn. Ct. App. 1988). There are, however, exceptions to this rule. The most commonly recognized exception to the Statute of Frauds is the doctrine of part performance. Under it an otherwise unenforceable oral contract can be the basis of an action if one of the parties has performed pursuant to the contract. *Trew* at 664 (citing A. Corbin, Corbin on Contracts, § 420 (One Volume Ed.1952)).

Appellee contends the Statute of Frauds is not applicable because there was no evidence that the agreement between the parties for Tenney to repay Sweeney was not to be performed within one year of the making of the agreement. This argument is without merit because the testimony of both parties established that there was no agreement regarding when the loan was to be paid off in full.

However, the evidence does establish that Tenney partially performed under the agreement as he made several payments to Sweeney. Tennessee courts have recognized a part performance exception to the Statute of Frauds, which is applicable to oral contracts other than for the sale of land. *Blasingame v. American Materials, Inc.,* 654 S.W.2d 659, 663 (Tenn.1983); *Foust v. Carney,* 205 Tenn. 604, 329 S.W.2d 826, 829 (1959); *Buice v. Scruggs Equipment Co.,* 194 Tenn. 129, 250 S.W.2d 44, 47 (1952). The Tennessee Supreme Court, in *Buice v. Scruggs,* explained the partial performance exception to the Statute of Frauds:

The doctrine of partial performance to take the verbal contract out of the operation of the Statute of Frauds is purely an equitable doctrine and is a judicial interpretation of the acts of the parties to prevent fraud. The acts of the appellant relied on as partial performance had been done by him in pursuance to the averred contract and agreement and are clearly referable thereto. "The plaintiff must be able to show such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape its performance; and also that the plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, so

-3-

far to alter his position as to incur an unjust and unconscionable injury and loss, in case the defendant is permitted after all to rely upon the statutory defense." *Buice v. Scruggs Equip. Co.*, 194 Tenn. 129, 137, 250 S.W.2d 44, 48 (1952)(citing 49 *Am. Juv.,* Sec. 427, page 733).

*Buice* at 47.

In this case, the evidence showed that Tenney made payments to Sweeney on the loan, thus he partially performed under the loan agreement and the partial performance exception is applicable. We affirm the Trial Court when it held that the oral agreement between the parties was enforceable and awarded judgment in favor of Sweeney and against Tenney.

The appellee also raised an issue that Tenney waived the affirmative defense of the Statute of Frauds by failing to specifically plead the same in the Trial Court..[1]   However, our Supreme Court has addressed this issue recently, in *Graham v. Caples*, 325 S.W.3d 578, 583 (Tenn. 2010). Plaintiff had argued that the defendant waived the affirmative defense of statute of limitations because, upon appeal to the Circuit Court from a General Sessions Court judgment, defendant did not raise such defense in his initial pleading in that court. The Supreme Court rejected this argument, stating that "[w]hile the Rules of Civil Procedure are applicable where pertinent to cases appealed from the general sessions court to the circuit court, '*the Rules do not require* the filing of written pleadings, issuance of new process, or *any* other *steps which have been completed prior to the appealing of the case to the circuit court.*' *Id.* (emphasis supplied) (citing *Vinson v. Mills,* 530 S.W.2d 761, 765 (Tenn.1975)). The Court noted that defendant's original motion to dismiss filed in the General Sessions Court requested dismissal upon assertion that the statute of frauds had expired, and he was not required to re-plead this defense in his initial pleading on appeal to the Circuit Court.

Accordingly, this issue is without merit.

The Judgment of the Circuit Court is affirmed and the cause remanded, with the costs assessed to David Tenney.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1]We elected to address this issue because the issue is recurring due to the fact that sessions court pleadings are *ore tenus*.