IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS DECEMBER 2, 2011

**FREDDY EDWARDS v. RODNEY COLLINS**

**Direct Appeal from the Circuit Court for Madison County**
**No. C-10-313     Roy B. Morgan, Jr., Judge**

**No. W2011-00516-COA-R3-CV - Filed January 12, 2012**

The circuit court entered a judgment against Defendant following a bench trial. Defendant appealed, but he failed to provide this Court with a transcript or statement of the evidence. Due to our limited ability to review the proceedings below, we affirm the decision of the lower court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS., P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

G. W. Shepherd, III, Henderson, Tennessee, for the appellant, Rodney Collins

Freddy Edwards, Wildersville, Tennessee, *pro se*

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

Freddy Edwards ("Plaintiff") filed a civil warrant in general sessions court against Rodney Collins ("Defendant"), seeking to recover for "repairs to [a] truck that [Defendant] failed to make" and for an alleged breach of an employment contract to allow Plaintiff to "haul daily loads." Following the entry of a default judgment, an appeal was taken to circuit court. Defendant then filed a counterclaim in which he alleged that it was Plaintiff who had breached the employment agreement by failing to report to work.

After a bench trial, the circuit court entered an order finding that "neither party ha[d] shown sufficient proof to establish the existence of an enforceable employment contract between the parties." However, with regard to Plaintiff's claim involving the truck repairs, the trial court found that "certain assurances made by [Defendant] to [Plaintiff] in regard to brakes on the truck and tires on the trailer were a part of the bargain between the parties that resulted in the sale of the truck and trailer." As such, the court held that Defendant was liable to Plaintiff for the cost of brake repairs and tire replacements in the amount of $3,853.89. Defendant appealed to this Court, and he subsequently provided notice that no transcript or statement of the evidence would be submitted on appeal.

## II. ISSUE PRESENTED

On appeal, Defendant argues that the trial court should have found that there was no enforceable contract to repair the truck based upon the statute of frauds, Tenn. Code Ann. § 47-2-201, as it applies to sales of goods exceeding $500. He does not appeal the dismissal of his counterclaim regarding the employment contract.

## III. STANDARD OF REVIEW

On appeal, a trial court's factual findings are presumed to be correct, and we will not overturn those factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2011); **Bogan v. Bogan**, 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

with greater convincing effect.  *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. RR Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)).  We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness.  *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV.  DISCUSSION

Our ability to review the proceedings in the lower court is hampered by the absence of either a transcript or a statement of the evidence prepared in accordance with Tennessee Rule of Appellate Procedure 24(c).  The appellant has a duty to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues that form the basis of his or her appeal.  *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005).  "A recitation of facts and argument in an appellate brief does not constitute evidence and cannot be considered in lieu of a verbatim transcript or statement of the evidence and proceedings."  *In re M.R.*, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. W.S. Jun. 3, 2008) (citing *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990)).  We cannot simply assume that the facts recited are true.  *In re Conservatorship of Chadwick*, No. E2006-02544-COA-R3-CV, 2008 WL 803133, at *1 (Tenn. Ct. App. Mar. 27, 2008).  "The law is clear that statements of fact made in or attached to pleadings, briefs, and oral arguments are not evidence and may not be considered by an appellate court unless they are properly made part of the record."  *Threadgill v. Bd. of Prof'l Responsibility of Supreme Court*, 299 S.W.3d 792, 812 (Tenn. 2009).

"Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue."  *State v. Ballard*, 855 S.W.2d 557, 561 (Tenn. 1993).  "It is well settled that, in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment."  *Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007) (citing *McKinney v. Educator & Executive Insurers, Inc.*, 569 S.W.2d 829, 832 (Tenn. Ct. App. 1977)).  As such, we may only reverse the trial court's decision if we find, based on the "technical" record before us, that the trial court committed an error of law.  *In re M.R.*, 2008 WL 2331030, at *3 (citing *In re Conservatorship of Chadwick*, 2008 WL 803133, at *2).

Here, Defendant claims that "the trial court ignored the fact that no writing existed" to satisfy the statute of frauds.  He argues that the statute of frauds is applicable to the transaction at issue because it involved a sale of goods exceeding $500.  However, we will

not decide whether the statute of frauds would apply to the transaction at issue because there is nothing in the sparse record before us to indicate that Defendant raised the statute of frauds as an affirmative defense during the proceedings below.[2] "Affirmative defenses not properly raised before the trial court generally do not merit consideration on appeal." ***Davidson v. Wilson***, No. M2009-01933-COA-R3-CV, 2010 WL 2482332, at \*6 (Tenn. Ct. App. W.S. Jun. 18, 2010) (quoting *Madden Phillips Constr., Inc. v. GGAT Dev. Corp.*, No. W2008-02350-COA-R3-CV, 2009 WL 3064898, at \*9 n.9 (Tenn. Ct. App. Sept.25, 2009) *perm. app. denied* (Tenn. Mar. 15, 2010)). The statute of frauds does not render oral contracts void *ab initio*. ***Anderson v. Hacks Crossing Partners***, 3 S.W.3d 482, 485 (Tenn. Ct. App. 1999) (citing *Cobble v. Langford*, 190 Tenn. 385, 230 S.W.2d 194, 196 (1950); *Huffine v. McCampbell*, 149 Tenn. 47, 257 S.W. 80, 83 (1923); *Bailey v. Henry*, 125 Tenn. 390, 143 S.W. 1124, 1127 (1912); *Brakefield v. Anderson*, 87 Tenn. 206, 10 S.W. 360, 361 (1889); *Trew v. Ogle*, 767 S.W.2d 662, 664 (Tenn. Ct. App. 1988)). "Instead, such contracts are merely voidable at the election of either party." ***Id.*** (citing *Bailey*, 143 S.W. at 1127; *Brakefield*, 10 S.W. at 361; *Trew*, 767 S.W.2d at 664). If one of the parties to the contract fails to raise the statute of frauds as a defense, or if the parties consent, the court is required to enforce the oral contract. *See **id.***

As noted above, in cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court. ***Allen v. Allen***, No. W2010-00920-COA-R3-CV, 2011 WL 198516, at \*3 (Tenn. Ct. App. Jan. 12, 2011) (citing *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)). Here, there is nothing to indicate that Defendant raised the issue of the applicability of the statute of frauds in the trial court below.[3] As such, we find no error in the trial court's decision, and we will not consider the statute of frauds for the first time on appeal.

---

[2] Even if the issue had been properly raised, there are many unanswered questions regarding the applicability of the statute of frauds that we could not resolve based on the record before us. For example, there is nothing in the *record* to demonstrate that the sales price actually exceeded $500. According to Defendant's brief, the contract was for the sale of an eighteen wheeler truck and trailer for a sales price of $18,000, and the transaction was consummated, but the parties never reduced the agreement to writing. However, we cannot simply assume that these facts are true. In addition, the statute of frauds relied upon by Defendant contains exceptions which provide that a contract that fails to satisfy the writing requirement may nonetheless be enforceable "if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made," and a contract may also be enforceable "with respect to goods for which payment has been made and accepted or which have been received and accepted." Tenn. Code Ann. § 47-2-201(3). Due to the lack of a transcript or statement of the evidence, it is unclear whether these exceptions would have been applicable.

[3] We note that Defendant's brief does not mention whether he raised the issue before the trial court.

## V. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed. Costs of this appeal are taxed to the appellant, Rodney Collins, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.