GOODLOE v. GOODLOE et al.

(*Nashville.*   December Term, 1905.)

1. **FRAUDS, STATUTE OF.** Parol contract to devise lands.
A parol contract to devise lands is within the statute of frauds
and unenforceable.

2. **SAME.** Parol contract not taken out of, by partial perform-
ance.
It is well settled that partial performance of a parol contract,
within the operation of the statute of frauds, will not prevent
the application of the statute to such contract.

Case cited and approved: Patton v. McClure, Mart. & Yerg., 333.

3. **CONTRACT, PAROL.** Quantum meruit for services rendered
under, though no specific performance of.
Where complainant was not entitled to enforce specific perform-
ance of a parol contract to devise certain lands to him, in
consideration of services rendered deceased, because of the
statute of frauds, he was entitled to recover the reasonable
value of his services upon a *quantum meruit* against the de-
ceased's personal representatives.

4. **STATUTE OF LIMITATIONS.** Begins to run from breach of
contract to devise lands.   Case in judgment.
The intestate and ancestor of deceased, in her lifetime entered
into a parol contract with complainant to devise to him cer-
tain lands in consideration of his entering her service.   She
died without discharging her obligation under said contract, by
will or otherwise, and her administrator and heirs refused to
recognize it and set up statute of frauds.

Goodloe v. Goodloe.

*Held:*   The statute of limitations against an action to recover on *quantum meruit* for services rendered the deceased did not begin to run until breach of the contract by her death without performance.

Cases cited and approved; Green v. Orgain (Tenn. Ch. App.), 46 S. W., 477; Collins v. Thayer, 74 Ill., 138; Railroad Co. v. Parks, 32 Ark., 131.

Cases cited and overruled on this point: Byrn v. Fleming, 3 Head, 658; Taylor v. Wood, 4 Lea, 504.

FROM MAURY.

Appeal from the Chancery Court of Maury County. —WALTER S. BEARDEN, Chancellor.

E. H. HATCHER and E. P. HATCHER, for complainant.

GEO. T. HUGHES and P. S. CHANDLER, for defendants.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The facts in this cause, as found by the court of chancery appeals, are that the complainant, at the solicitation of his aunt, Miss Cornelia Goodloe, abandoned lucrative employment and entered into her service upon an agreement that she would leave a will, giving to him a farm in

Maury county, Tenessee, and the personal property thereon. The service thus undertaken was faithfully and to the satisfaction of his employer rendered by the complainant until the date of her death, on the 9th of November, 1893. Having failed to discharge her obligation, either by will or otherwise, and her administrator and heirs declining to recognize it, this bill was filed to enforce specific performance of the contract, or, in the alternative, praying a decree fixing the value of complainant's services.

To so much of the bill as sought specific enforcement of the contract, the defendants replied the statute of frauds, and to the prayer for alternative relief, they interposed the statute of limitations of six years to that part of complainant's claim which extended beyond that period.

The contract relied upon was one resting in parol, and was therefore unenforceable. It is true, as insisted by complainant's counsel, that the weight of authority, English and American, is that part performance of a contract under the conditions disclosed in this record, will take the contract out of the operation of the statute of frauds; but as early as *Patton* v. *McClure*, Mart. & Y., 333, it was held that partial performance of a parol contract for the sale and conveyance of land would not relieve from the application of the statute. This rule then established has since been applied in a great number of cases, so that it may now be regarded as a rule of property in this State.

The alternative contention of complainant is that upon a *quantum meruit,* not being able to avail himself of specific performance, he should be permitted to recover compensation for the full term of his service, although that term extended beyond the period of six years prior to the filing of his bill in this cause. In other words, the insistence is that the contract to devise this land as compensation to him was an open one, not void by reason of it resting in parol, but simply voidable capable of being executed by Miss Goodloe at any time up to the day of her death, and was only breached when she died without having made such a devise; and, this being so, the statute of limitations should begin to run from that time.

Mr. Wood in the first volume of his work on Limitations (section 144), says: "Upon contract all classes, whether written or verbal, the statute begins to run from the time when a right of action accrues." And we may add that a right of action upon a contract ordinarily accures only at the time of the breach. Illustrating this principle, that author says, in section 160: "Where money has been paid under a contract that is void under the statute of frauds, because not in writing, the statute does not begin to run upon an action to recover it back from the time when it was paid, but rather from the time when the other party has done some decisive act evincing an intention to rescind the contract. *Collins* v. *Thayer,* 74 Ill., 138. Until that time no right of action exists; and, as the statute does not attach until a full, complete and present right of action exists, it follows, of course,

that the statute does not begin to run until such right arises by a refusal of the party to perform the contract under which the money was paid" — citing *Cairo, etc., R. R. Co.* v. *Parks,* 32 Ark., 131.

If, in April, 1893, instead of agreeing to render services as a consideration for a devise or conveyance of the property, complainant had paid to Miss Goodloe a sum of money as the whole or part of the purchase money for the same, and she had died, as in the present case, nine years thereafter, without either making a deed or a will, as she had agreed to do, and her heirs had then repudiated the contract, because in parol, we think there can be no doubt but that the statute of limitations, as against a recovery of the money so paid, would only begin to run from the date of her death, and that neither administrator nor heir would be permitted to say, while repudiating her contract, that the complainant was not entitled to recover the amount of money so paid, because of the fact that more than six years had elapsed since the date of its payment. On principle, we can see no difference between the cases. But it is said the question is not an open one in this State.

In *Byrn* v. *Fleming,* 3 Head, 658, an effort was made by complainant to obtain satisfaction for services rendered by him and expenses incurred in the support of his father and mother for a number of years, upon an alleged contract made by him with his father, in which the latter undertook to compensate him by giving the complainant a tract of land at his death; but it was held

by this court that there was no evidence of any such
promise or agreement.    This holding necessarily dis-
posed of the case.    As, however, the complainant had
sought to recover for a period of time running from 1832
to 1854, it was added by the court, as a *dictum,* as fol-
lows; "It is sufficient for the present case that, if such a
contract or promise might be implied, the statute of limi-
tations would form a bar to recovery for any services
rendered beyond the period of six years before the com-
mencement of the suit.    An evidence of promise to give
the land, or the acknowledgment of the obligation to do
so, would not be admissible, either to support the ac-
tion founded on an implied promise, or to defeat the op-
eration of the statute." In *Taylor* v. *Wood,* 4 Lea, 504,
the effect of the statute of limitations upon a claim for
services rendered in such a contract was in question, and
it was there held, not upon the authority of, but in ac-
cordance with, the *dictum* above, that the plea of the stat-
ute was a good defense against a recovery for more than
six years' service.   We think it evident, however, that
this point was neither presented by counsel, nor seriously
considered by the court, in that case.   The application of
the statute to such an account is assumed   apparently,
without argument, and certainly without reference to
authority.   However, in *Green* v. *Orgain* (Tenn. Ch.
App.), 46 S. W., 477, in an opinion delivered by Neil,
J., the exact question was decided by the court of chan-
cery appeals upon facts bearing a strong analogy to those

Goodloe v. Goodloe.

involved in the present case, and it was held that there the statute of limitations, as invoked by the defendant, did not apply, "because there was no breach of the contract to pay until the death of the testator, and the cause of action against his estate did not arise until that time." This case was affirmed in an oral opinion by this court.

We are not satisfied with the *dictum* in *Byrn* v. *Fleming*, or the ruling in *Taylor* v. *Wood*, on the point in question, and those cases, so far as they conflict with the view expressed above, are overruled.

Other matters of controversy are discussed and disposed of by the court of chancery appeals, and while they have been considered by us, yet we do not deem it important to embrace them in this opinion. We are entirely satisfied with the conclusion reached by that court, and in all respects its decree is affirmed.