ETHEL S. KNIGHT, T. M. WATTS and WILLIAM F. WATTS, Appellees-Complainants,

*v.*

CLARA E. KNIGHT, Individually and as Executrix of the Estate of Frank H. Knight, Deceased, and The Union Methodist Church, Appellants-Defendants.

436 S.W.(2d) 289.

(*Jackson,* April Term, 1968.)

Opinion filed January 17, 1969.

LLOYD S. ADAMS, JR., Humboldt, for appellees-complainants. ADAMS, ADAMS & ALBRIGHT, Humboldt, of counsel.

JOHN F. KIZER, Milan, for appellants-defendants.

MR. JUSTICE DYER delivered the opinion of the Court.

This cause comes to this Court from the action of the chancellor in overruling a demurrer and granting a discretionary appeal. The issue involves the application of the fourth section of the Statute of Frauds, T.C.A. 23-201.

This case involves the real property of Frank H. Knight, deceased, referred to in this opinion as testator. The original bill was filed by Ethel S. Knight, T. M. Watts and William F. Watts, referred to herein by name or as complainants. Ethel S. Knight is a sister of the testator. T. M. Watts was the husband of testator's now deceased sister, Ruth Knight Watts, and William F. Watts, a nephew of testator and the son of T. M. and Ruth Knight Watts.

The bill alleges Ethel S. Knight, an invalid most of her life, had resided in the Watts' home and had been cared for by this family for over fifty years; that testator for a number of years had been concerned over the fact the sole responsibility for the care of his invalid sister rested with the Watts family; that in consideration of the care and attention given his invalid sister, testator orally agreed with complainants to execute a will devising his real property, after a life estate in his wife, to his sister, Ruth Knight Watts for her life, then to his sister, Ethel S. Knight for life with the ultimate fee in his nephew, William F. Watts. That in January, 1966, testator executed a will substantially in accord with this oral agreement, and this will is now in possession of the testator's widow, Clara E. Knight, defendant herein. The bill alleges this will of January, 1966 was made in compliance with and is evidence of this oral agreement; that the Watts family in accord with the terms and conditions of this oral agreement continued to make a home for testator's invalid sister and have so continued even since the death of testator's sister, Ruth Knight Watts, in December, 1964.

The bill further alleges, contrary to the terms of the oral agreement entered into by the parties and in breach thereof, testator executed a second will on July 12, 1966, revoking the January, 1966 will. The July will was duly probated in Gibson County, Tennessee, in August, 1966. Under the July will the testator devised his real property to his wife for life with remainder to The Union Methodist Church. The bill alleges the execution of the July, 1966 will constituted a breach of contract and complainants are entitled to specific performance of the agreement with him to make a will for their benefit, which

should be in accord with the January 1966 will; or in the alternative damages.

In answer to this bill defendant Union Methodist Church filed a demurrer as follows:

1st. Because the bill shows on its face that the alleged contract sued on was not reduced to writing, as required by the statute for the prevention of fraud and prejudices, but the said alleged contract rests in parol.

2nd. Because the Complainants are not entitled to the relief they pray, nor to any relief, their bill showing that the alleged contract sued on was without consideration.

The demurrant relies upon the case of *Eslick v. Friedman*, 191 Tenn. 647, 235 S.W.2d 808 (1951). This case involved the property of one Dave Hipsh, deceased. Deceased executed a paper writing purported to be his last will and testament by terms of which Eslick would take certain realty and personalty. This paper writing, upon contest, was declared invalid as the last will and testament of the deceased. Eslick filed his original bill seeking specific performance of an alleged oral contract he had entered into with deceased whereby deceased had agreed to execute a will devising and bequeathing certain real and personal property to Eslick as compensation for services rendered. The property mentioned in the bill was the same property Eslick would have taken under the purported will. The bill also sought, in the alternatives, damages. A demurrer was filed pleading the fourth section of the Statute of Frauds, T.C.A. 23-201. Under this plea of the statute of frauds the issue was whether this paper writing executed by deceased would meet the requirements of the statute; that

is, does this paper writing admittedly signed by the party charged (deceased) evidence the existence of the alleged oral contract to execute a will in favor of Eslick.

On examination of the paper writing in the Eslick case, it was revealed there was no language therein to indicate such was made pursuant to any oral agreement between deceased and Eslick. Under these circumstances this Court held this paper writing executed by deceased could not, upon a plea of the statute of frauds, be made the basis of a suit to compel specific performance of an alleged oral contract to bequeath and/or devise property, nor could such be made the basis for a decree for damages for breach of said oral contract.

Complainants cite and rely upon the case of *Harris v. Morgan*, 157 Tenn. 140, 7 S.W.2d 53 (1928). We agree this case does lend comfort to complainants' position in the case at bar. In this case the facts and circumstances were unusual and the Court so noted. In this case four brothers and sisters owned jointly a farm and the personal property thereon. The four lived on this farm and the income therefrom was used jointly and in a community of interest. Only one of the four (Elijah Morgan) was ever married and he had children. All four of these brothers and sisters executed separate wills at the same time and place, which wills were all witnessed by the same witnesses. Each of these wills provided the survivor of the four should use and enjoy all of the property until the death of the last survivor when the property would go to the children of the brother, Elijah Morgan. There was no reference in any of the wills to any oral contract, nor did any of the wills refer to any other wills. Elijah Morgan died in 1912, and according to his will his surviving brothers and sisters continued to enjoy all of

the property up until the filing of this bill, some sixteen years later.

The bill in the *Morgan* case was filed by the children of Elijah Morgan against the three surviving brothers and sisters claiming an oral contract between the four brothers and sisters and that this joint property should finally pass to them in accord with the wills executed by the four brothers and sisters in 1904. The holding of this Court in the Morgan case is that the Court concluded under the particular facts and circumstances existing and the four wills considered in connection with each other, constituted written evidence of the contract between the four brothers and sisters so that this alleged contract did not rest entirely in parol.

It should be noted the Morgan case made reference to and quoted from the case of *Goodloe v. Goodloe,* 116 Tenn. 252, 92 S.W. 767 (1905). One of the issues in the *Goodloe* case was the same as in the *Eslick v. Friedman,* supra, case and, in fact, the Eslick case for its authority relies upon the *Goodloe* case. The point is, the Court in the Morgan case did not overrule or modify the holding in the Goodloe case.

■ Complainants admit that Tennessee, even though contrary to the great weight of authority, adheres to the rule part performance does not satisfy the statute and the rule has so long been applied it has become a rule of property. *Goodloe v. Goodloe,* supra. Complainants earnestly insist such can be a harsh rule and Tennessee courts rejecting part performance have reached essentially the same result through the avenue of equitable estoppel. Complainants cite a law review article in 2 Vand.L.Rev. 451 (1949), written by the Honorable Cecil

D. Branstetter, now a respected member of the Tennessee Bar. We have read with care this very interesting article. Mr. Branstetter in the conclusion of this article, stated:

Tennessee does not recognize part performance but does recognize equitable estoppel and has applied the doctrine of equitable estoppel to situations which would be recognized as part performance in jurisdictions recognizing the doctrine. Yet the letter of the statute of frauds is contravened whether the means for so doing is called part performance, equitable estoppel, or parol trust.

Conceding, but not deciding, the doctrine of equitable estoppel has been applied to relieve the requirements of the statute of frauds, we do not, under the facts and circumstances of the case at bar, find that the doctrine of equitable estoppel is applicable.

We think the case at bar is controlled by the holding of the Court in *Eslick v. Friedman*, supra. The controlling facts in the two cases are almost identical. In the case at bar the bill substantially sets out the January, 1966 will. The controlling point is there is no language in the 1966 will to indicate it was executed pursuant to any oral agreement between the testator and complainants. The proof of this alleged oral contract would have to rest entirely in parol.

The decree of the chancellor is reversed, the demurrer filed by the defendant Union Methodist Church is sustained, and the cause remanded for further proceedings not inconsistent with this opinion.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.