IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

April 17, 2002 Session

## SUSAN DIANE JONES v. STEVEN TRAVIS DORROUGH ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 3-585-00     Wheeler A. Rosenbalm, Judge**

**FILED OCTOBER 28, 2002**

**No. E2001-02397-COA-R3-CV**

---

The origin of this appeal was a divorce proceeding between Steven Travis Dorrough and Susan Diane Jones.  The question presented is the rights and responsibilities of the parties to a marital dissolution agreement incorporated in the final divorce decree as it relates to a piece of property located at 3003 Keller Bend Road in Knoxville, which had been the parties' marital residence.  We affirm in part, vacate in part and remand.

**Tenn.R.App.P. 3; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Lynn Tarpy, Edward J. Shultz and Thomas M. Leveille, Knoxville, Tennessee, for the Appellants, Steven Travis Dorrough and Jayme Dorrough

L. Caesar Stair, III, and W. Tyler Chastain, Knoxville, Tennessee, for the Appellee, Susan Diane Jones

**OPINION**

A MDA signed by the parties and dated February 24, 1990, provides as to this property the following:

> (5) <u>RESIDENCE, 3003 KELLER BEND ROAD</u>.  Immediately upon the
> execution of this Agreement, the Husband shall execute and deliver to the Wife
> a quit claim deed which conveys all of his right, title and interest in the residential

dwelling house located at 3003 Keller Bend Road, Knoxville, Tennessee, 37922. The Wife shall lease the aforesaid premises to the Husband and a separate lease agreement, to be drafted by counsel for the Husband, shall be executed by the parties. Such lease agreement shall provide, <u>inter alia</u>, that the Husband shall pay rent to the Wife in an amount equal to the monthly mortgage rate existing upon such residence. Lease payments made by the Husband shall be paid to the Wife, directly to the holder of the mortgage, or as the parties from time to time agree. The lease payments made to or on behalf of the Wife shall be considered income to her, and she shall be entitled to take all allowable deductions and depreciation permitted by the Internal Revenue Code. At any time up to the fifth anniversary of the lease agreement, the Husband shall have the option to purchase the residence from the Wife for the sum of One Hundred Seventy Five Thousand Dollars ($175,000.00), said amount being the parties' best estimate of the existing equity in the residence at the time of the execution of this agreement. After the fifth anniversary of the lease agreement, the Wife shall be free to sell, encumber, or take possession of the residence or to enter into additional agreements with the Husband respecting the residence. If at any time the Husband offers to purchase the residence from the Wife, she shall accept the sum of One Hundred Seventy Five Thousand Dollars ($175,000.00), or she may hire an appraiser at her expense, and agreed upon by the parties, to appraise the residence. If the then appraised value reveals an equity greater than One Hundred Seventy Five Thousand Dollars ($175,000.00), the Husband shall be bound to purchase the residence at the higher equity value by paying One Hundred Seventy Five Thousand Dollars ($175,000.00) down, and the remaining balance in equal, monthly installments for sixty (60) months. Interest at the rate of 10% (ten percent) per annum. In no event, however, will the Wife be required to accept less than One Hundred Seventy Five Thousand Dollars ($175,000.00) from the Husband for her equity in the residence. If the Wife elects to hire an appraiser as set forth above and the parties cannot agree upon an appraiser, the Wife shall propose the names of three (3) appraisers and the Husband shall select one (1) of the three (3) to perform the appraisal.

Pursuant to the agreement Mr. Dorrough quit-claimed the property to Ms. Jones. Also pursuant to the agreement Ms. Jones, by instrument dated April 1, 1990, leased the property to Mr. Dorrough at a rental of $3500 per month. When the lease expired and Mr. Dorrough refused to vacate the property, Ms. Jones filed a detainer warrant in the General Sessions Court of Knox County against Mr. Dorrough and his new wife seeking possession of the premises and a judgment against Mr. Dorrough for delinquent rental payments, late charges and attorney fees.

The Judge of the General Sessions Court granted Ms. Jones possession of the property and also a judgment against Mr. Dorrough in the amount of $34,590, representing rents then owed, late charges and attorney fees.

The Dorroughs appealed this judgment to the Circuit Court for Knox County and also filed a counter-complaint seeking specific performance of an oral contract with Ms. Jones to purchase the property. The Circuit Judge granted Ms. Jones' motion to dismiss as to the counter-complaint and her motion for summary judgment as to possession of the premises. He also made an award for rents and late charges owed in the amount of $55,590 and Ms. Jones' attorney fees in the amount of $16,779.73.

The Dorroughs appeal contending--and we are summarizing the issues raised--that the Trial Court was in error in awarding possession of the subject premises to Ms. Jones and in granting the motion to dismiss relative to the oral contract for sale. They also contend that if they are not entitled to enforce specific performance of the oral contract for sale that they are entitled to recoup $192,000 paid as to the purchase price, as well as the value of improvements they made to the property.

The standard of reviewing the Trial Court's granting a motion for summary judgment and dismissal on the pleadings are well settled:

### SUMMARY JUDGMENT

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

Staples v. CBL & Associates, Inc., 15 S.W.3d 83, 89 (Tenn. 2000).

### MOTION TO DISMISS VIS-A-VIS AFFIRMATIVE DEFENSE

The majority of the Court of Appeals held that an affirmative defense, such as the statute of frauds, may not be raised by a motion to dismiss for failure to state a claim upon which relief can be granted under T.R.Civ.P. 12.02(6), but may only be raised in the defendant's answer, or by subsequent motion supported by affidavits. In this the Court of Appeals was in error. A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint. It is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint. (Citations omitted.)

-3-

<u>Anthony v. Tidwell</u>, 560 S.W.2d 908, 909 (Tenn. 1977).

In our review of the Trial Court granting a summary judgment, we will accept as true the Dorroughs "Statement of Facts."

### Statement of Facts

The Plaintiff, Susan Diane Jones ("Jones") and the Defendant, Steven T. Dorrough ("Dorrough") were married in 1981. Property located at 3003 Keller Bend Road ("Keller Bend Property") was their marital residence prior to their divorce.

The parties were divorced by a Final Judgment of Absolute Divorce entered by the Chancery Court for Knox County on February 27, 1990. The final order incorporated a Marital Dissolution Agreement executed on February 24, 1990.

. . . .

After the final order was entered, the parties entered into negotiations of the terms of the lease agreement with the provisions contemplated by Paragraph 5 of the Marital Dissolution Agreement. The lease contemplated by the Marital Dissolution Agreement was never executed.

However, at the request of the Plaintiff, the parties signed the April 3, 1990 document now propounded by the Plaintiff. The Plaintiff asked Steven Dorrough to sign the document, stating that she needed a written lease agreement in order to obtain credit. Dorrough signed the April 3, 1990 lease only to assist the Plaintiff in obtaining credit in her name.

After the parties' divorce, and after the April 3, 1990 lease agreement was signed, Steven Dorrough paid or caused to be paid substantial sums of money to . . . Jones. The parties agreed that those payments were going toward the purchase of the Keller Bend Property.

The parties met in February, 1999 to discuss the sale property. The parties agreed that in addition to the substantial sums of money that had already been paid, Steven Dorrough would pay an additional $100,000.00 to the Plaintiff and pay off the existing mortgage on the Keller Bend Property, upon which the Plaintiff was liable.

Steven Dorrough paid $100,000.00 to the Plaintiff in February, 1999. Steven Dorrough paid off the entire balance of $92,000.00 on the mortgage

secured by the Keller Bend Property in March, 1999. Dorrough has spent substantial amounts of money improving the Keller Bend Property.

Jones has never executed a deed transferring the Keller Bend Property to the Dorroughs. Jones commenced this detainer action on April 4, 2000, seeking possession of the property, unpaid rental payments and attorney's fees.

First, as to the counter-claim seeking specific performance of an oral contract to purchase property, our case law holds, contrary to a host of authorities in sister states,[1] that part performance of the contract is not an exception to the statute. Knight v. Knight, 436 S.W.2d 289 (Tenn. 1969); Eslick v. Friedman, et al., 235 S.W.2d 808 (Tenn. 1951); Goodloe v. Goodloe, 92 S.W. 767 (Tenn. 1906). Thus, we affirm the Trial Court's granting the motion to dismiss as to the counter-claim seeking specific performance.

With regard to the improvements made to the residence, the lease contains a provision specifically agreeing that any improvements made to the property by Mr. Dorrough would become the property of Ms. Jones. Thus, we also affirm the Trial Court's determination as to this issue.

Moreover, the lease as signed contains provisions specifically agreeing that any improvements made to the property by Mr. Dorrough would become the property of Ms. Jones.

In regard to the payments to Ms. Jones and on her behalf by Mr. Dorrough, which he contends were for the purchase of the marital residence, his affidavit states the following:

> 7. Between April 3, 1990 and February 9, 1999, I caused substantial sums of money to be paid to or for the benefit of the Plaintiff. Substantial sums of the funds paid to or for the benefit of the Plaintiff were intended by both the Plaintiff and myself to be applied to the purchase of the Keller Bend Property. At the Plaintiff's request, I caused substantial sums . . . to be paid to or for the benefit of the Plaintiff in order to fund her company, Naturale Home Products. In exchange, the Plaintiff agreed to lock in the purchase price of the Keller Bend Property at $175,000.00 and extend the time in which that amount was to be paid.

> 8. In February, 1999, I met with the Plaintiff at the Cracker Barrell restaurant located on Merchants Road in Knoxville, Tennessee. At that time we discussed how much more money in would take to complete the sale of the Keller Bend Property. We agreed that she would be paid $100,000.00 in cash and that I would cause the mortgage on the property, which totaled approximately $92,000.00, to be paid off.

---

[1] See cases annotated in Vol. 73 Am.Jur.2d, page 11, "Statute of Frauds." Sec. 311.

9. I caused $100,000.00 to be paid to the Plaintiff in February, 1999. I caused the mortgage on the property in the amount of approximately $92,000.00 to be paid off in March, 1999.

Under the judgment of the Court, as we understand it, Ms. Jones is entitled to keep the property as well as the $192,000 and also recover from Mr. Dorrough rent arrearage until he vacates the property. We believe the Court was in error in granting her a summary judgment without consideration of the foregoing amounts paid by Mr. Dorrough. For example, if A agrees to sell B a piece of property for $100,000, which B pays to A and A later refuses to make a deed, would A be entitled to keep the $100,000 and also the real estate? We think not.

Accordingly, we deem it appropriate that the amount of rents and late charges be vacated and the cause remanded for a determination if in fact the $192,000 was paid on the purchase price a set-off against any rent judgment which is rendered in Ms. Jones' favor with a judgment in favor of her against Mr. Dorrough should the amount paid on the purchase price not fully satisfy her rent entitlement. Conversely, if the $192,000 exceeds her entitlement under the lease, Mr. Dorrough would be entitled to a judgment against her for the amount the $192,000 exceeds the rents and late charges he owes.

Before concluding, we observe that the affidavit of counsel for Ms. Jones regarding attorney fees includes, not only those incident to litigation concerning the lease,[2] but also in defense of the counter-claim, which would appear to be improper. In addition, however, it appears that fees are also awarded in connection with defense of the counter-complaint. We believe that this should be more fully addressed on remand. We accordingly also vacate the judgment rendered for attorney fees.

For the foregoing reasons the judgment of the Trial Court is affirmed in part, vacated in part, and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Susan Diane Jones and one-half against Steven Travis Dorrough and Jayme Dorrough.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[2] The lease provides for payment of reasonable attorney fees.