IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2008 Session

# LARRY THORNTON v. JOE MARCUM, and wife, MONA MARCUM

**Direct Appeal from the Chancery Court for Campbell County**
**No. 05-166     Hon. Billy Joe White, Judge**

**No. E2007-01326-COA-R3-CV  - FILED MARCH 31, 2008**

Plaintiff and defendants entered into a verbal agreement wherein plaintiff would purchase two lots from the defendants at an agreed price.  Plaintiff made payments as agreed over a period of time, but before the lots were completely paid for defendants sold one of the lots to a third party.  Plaintiff brought this action for specific performance and the Trial Court ruled that the verbal agreement violated the Statute of Frauds.  However, the Trial Court invoked the theory of equitable estoppel against defendants, ordered specific performance, and awarded damages for the lot sold, which was part of the purchase agreement.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for appellants.

Reid Troutman, LaFollette, Tennessee, for appellee.

**OPINION**

This is essentially an action to enforce an oral contract to purchase land, where

plaintiff had made installment payments on the agreed purchase price.[1]  At the conclusion of the proof, the Trial Court found that the parties had reached a verbal agreement, specific in terms, relative to the sale of two lots, and ordered specific performance of the agreement with one lot, and awarded damages of $11,000.00 for the other lot, which the defendants had later sold.

The Court found that the facts were clear that the parties had negotiated a deal for the purchase of the two lots for $28,000.00, and that a contract was drawn up, but not signed.  The Court found that in April of 2005, someone trespassed on the land and caused a good deal of damage, and at that point plaintiff received a letter from defendants' attorney saying the contract had been cancelled.  The Court found that the sole purpose of this attempted cancellation was "for the fraudulent intent of obtaining more money from another purchaser.  I think that agreement was already made and the defendant wanted to get title back to these two lots for the purpose of selling them for a larger amount of money."  The evidence does not preponderate against the Court's findings of fact.  Tenn. R. App. P. 13(d).

The Trial Court then observed that the Statute of Frauds would apply, but that the equitable estoppel exception would also apply, such that the parties' agreement should be enforced despite the fact the writing was never signed.  Defendants appealed and raised these issues:

1.      Did the Trial Court err in applying the equitable estoppel exception to the Statute of Frauds defense?

2.      Did the appellee have the requisite standing to bring suit against appellants?

The Trial Court found that the Statute of Frauds would apply, since the agreement involved a sale of real property.  Tenn. Code Ann. §29-2-101(a).  There is no dispute in this case that the parties had no written contract signed by defendants, and thus plaintiff, under the statute, would be barred from bringing an action based on the parties' verbal agreement for the purchase of the subject lots.

The Trial Court found, however, that the equitable estoppel exception to the Statute of Frauds should be applied based on the facts of this case.  The Trial Court relied on *Autry v. Boston, Jr., et al.*, 2006 WL 1132075 (Tenn. Ct. App. Apr. 28, 2006), authored by Judge Swiney, where the Court invoked equitable estoppel to allow specific performance of a verbal agreement to purchase a house, where the purchaser and his deceased wife (who was the daughter of defendants) had paid a $2,000.00 down payment, and had renovated the house at a substantial expense.  The sellers reneged on the deal after their daughter passed away, but the Trial Court held the contract was valid and enforced it, based on the doctrine of equitable estoppel.

As this Court has previously recognized:

---

[1]Plaintiff made agreed payments for three years.

the purpose of the Statute of Frauds is not to allow a party to avoid agreements he or she has made. *Cobble v. Langford*, 190 Tenn. 385, 390, 230 S.W.2d 194, 196 (1950). It has long been recognized in our courts that strict application of the Statute of Frauds can lead to evils as undesirable as those it was designed to limit or prevent. *Southern States Development Co., Inc. v. Robinson*, 494 S.W.2d 777, 781 (Tenn. Ct. App. 1972). Consequently, it "should not be used to avoid contracts or to grant a privilege to a person to refuse to perform what he has agreed to do." *GRW Enterprises, Inc.*, 797 S.W.2d at 611, quoting *Cobble*, 190 Tenn. at 390, 230 S.W.2d at 196. Neither should its enforcement render it "an instrument of hardship and oppression." Id., citing *Baliles*, 578 S.W.2d at 624.

In order to prevent such results, our courts have held that in some circumstances a party is estopped to assert the Statute of Frauds to avoid contractual undertakings in the interest of equity and fairness. Estoppel based on principles of equity may be applied in a number of situations, including to preclude assertion of the Statute of Frauds to avoid an agreement to transfer real property, and is generally described as:

> ... the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy.

> *Beazley v. Turgeon*, 772 S.W.2d 53, 58 (Tenn. Ct. App.1988), quoting *Church of Christ v. McDonald*, 171 S.W.2d 817, 821 (Tenn.1943). The purpose of equitable estoppel and its objective are:

> > ... to prevent the unconscientious and inequitable assertion or enforcement of claims or rights which might have existed, or been enforceable by other rules of law, unless prevented by an estoppel; and its practical effect is, from motives of equity and fair dealing, to create and vest opposing rights in the party who obtains the benefit of the estoppel.

> *Baliles*, 578 S.W.2d at 624.

*Smith v. Smith*, 2005 WL 3132370 (Tenn. Ct. App. Nov. 22, 2005). Our Supreme Court has also stated:

> The appellate courts of this state consistently have refused to enforce an oral contract for the sale of land on the basis of part performance alone. *Knight v. Knight*, 222 Tenn. 367, 436 S.W.2d 289 (1969); *Goodloe v. Goodloe*, 116 Tenn. 252, 92 S.W.

767 (1905). And, it is now a rule of property in this state that part performance of a parol contract for the sale of land will not take the agreement out of the Statute of Frauds. *Goodloe v. Goodloe, supra.* The harshness of this rule has been mitigated by the application of the doctrine of equitable estoppel in exceptional cases where to enforce the Statute of Frauds would make it an instrument of hardship and oppression, verging on actual fraud. *Covington v. McMurray*, 4 Tenn.C.C.A. 378 (1913); *Gheen v. Osborne*, 58 Tenn. 61 (1872). See also *Decherd v. Blanton*, 35 Tenn. 373 (1855); *Williams v. Conrad*, 30 Tenn. 412 (1850); *Bloomstein v. Clees Brothers*, 3 Tenn.Ch. 433 (1877); *Interstate Co. v. Bry-Block Mercantile Co.*, 30 F.2d 172 (D.C.W.D.Tenn.) (1928).

> "Equitable estoppel, in the modern sense, arises from the 'conduct' of the party, using that word in its broadest meaning, as including his spoken or written words, his positive acts, and his silence or negative omission to do any thing. Its foundation is justice and good conscience. Its object is to prevent the unconscientious and inequitable assertion or enforcement of claims or rights which might have existed, or been enforceable by other rules of law, unless prevented by an estoppel; and its practical effect is, from motives of equity and fair dealing, to create and vest opposing rights in the party who obtains the benefit of the estoppel." *Evans v. Belmont Land Co.*, 92 Tenn. 348, 365, 21 S.W. 670, 673-674 (1893).

*Baliles v. Cities Service Co.*, 578 S.W.2d 621, 624 (Tenn. 1979).

The burden of proof is on the party seeking to invoke equitable estoppel. *Bokor v. Holder*, 722 S.W.2d 676 (Tenn. Ct. App. 1986). The Trial Court found that plaintiff had shown the requisite elements of estoppel in this case, relying on the defendants' conduct in "canceling" the agreement. The Court observed that the defendants sent the letter purportedly canceling the sale "for the fraudulent intent of obtaining more money from another purchaser."

There is a compelling reason that the doctrine of equitable estoppel is applicable to this case. Defendants never denied that there was an agreement to sell the property, and acknowledged they had an oral agreement with plaintiffs to buy the property, and that payments were made pursuant to this agreement. Defendants changed their mind about the sale, and the Chancellor concluded this was because they could sell the property for more money and they then told the plaintiffs they would not follow through with the deal.

As we have often held, the basis of equitable estoppel is that "once a party acts, or refrains from acting, in such a way as to indicate an agreement, and another party reasonably relies on that indication of agreement, the first party cannot later assert a contrary position". *See Smith.* That is what the defendants seek to do in this case. They have admitted that an agreement existed, allowed plaintiffs to rely on the same, and accepted $12,000.00 in payments made pursuant to the agreement by plaintiff, and to allow defendants such a windfall would be fundamentally unfair.

-4-

The Trial Court properly held that the equitable estoppel exception to the Statute of Frauds applies.

As this Court has recognized:

Specific performance is an equitable remedy. It is not available as a matter of right but is discretionary with the trial court depending on the facts of each case. Specific performance is not available unless the contract is clear, definite, complete, and free from any suspicion of fraud or unfairness.

Courts do not, as a general matter, award specific performance when the injured party can be fully and adequately compensated with damages. However, specific performance is regarded as appropriate when dealing with contracts for the conveyance of real property because real property is unique, and more often than not, an award of damages is simply not an adequate remedy.

*GRW Enterprises, Inc. v. Davis*, 797 S.W.2d 606, 614 (Tenn. Ct .App. 1990)(citations omitted).

It was within the sound discretion of the Chancellor to award specific performance as to the remaining lot and award damages to the plaintiffs for the loss of the lot that had been sold to third parties by defendants. However, plaintiff had not paid the full purchase price for the two lots and upon remand, the plaintiff may deduct the damage award from the amount he agreed to pay defendants for the property, as plaintiff obligated himself to pay the purchase price.

Defendants also argue that plaintiff had no standing to bring suit in this matter because he had no legal interest in the property, based on their allegation that he did not participate in the negotiations nor expressed any "clear intent to have the contract operate for his benefit." The Trial Court found, however, that Mr. Thornton was present for the negotiations, that the checks which paid for this property were paid from a joint checking account, and that Mr. Thornton had an interest in this property transaction.[2] The evidence does not preponderate against this finding and this issue is without merit.

In sum, the Chancellor properly found that the equitable estoppel exception to the Statute of Frauds would apply in this case, and we affirm the decision of the Trial Court and remand, with the cost of the appeal assessed to defendants.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[2]The Court added plaintiff's wife as a party plaintiff.